PARKER, COMMISSIONER OF REVENUES v. MURRY, ATTORNEY GENERAL.

4-9970                                            254 S. W. 2d 468

Opinion delivered February 2, 1953.

*O. T. Ward,* for appellant.

*Ike Murry,* Attorney General, and *Wm. M. Moorhead,* Assistant Attorney General, for appellee.

J. SEABORN HOLT, Justice. For the years 1948 to 1950, inclusive, Sidney S. McMath, the then Governor of Arkansas, duly filed his annual income tax returns with the appellant, Commissioner of Revenues of the State of Arkansas. Following the filing of the 1950 return, the Commissioner caused an examination and restatement of the tax due for each of the above years, found that additional taxes were due in the amount of $942.31, and made demand for payment of same. Mr. McMath paid this amount under protest and filed suit for its recovery, as was his right under the Revenue Act. On July 2, 1952, the Revenue Commissioner answered, denying every material allegation in the complaint.

On July 17, 1952, the Attorney General filed petition to intervene in the suit, alleging in part: "Ike Murry, Attorney General of the State of Arkansas, petitions the Court for entry of an order authorizing him to appear and defend this cause as official attorney for the defendant, Carl F. Parker, Commissioner of Revenues of the State of Arkansas; and as grounds therefor states: . . .

"3. Under the Constitution and laws of the State of Arkansas, petitioner, in his official capacity as Attorney General, is charged with the duty of acting as attorney for all State officials, departments, institutions and agencies in all litigation where the interests of the State are involved.

"4. Under the Constitution and laws of the State of Arkansas, the defendant, Carl F. Parker, Commissioner of Revenues, is required to certify the complaint

in this cause to the Attorney General for attention and defense. This he has failed and refused to do.

"5. The interests of the people of the State of Arkansas are directly involved in this litigation and can legally be protected only by the Attorney General of the State. The State of Arkansas is the real party defendant.

"6. O. T. Ward, who has heretofore purportedly appeared herein as attorney for the defendant, Carl F. Parker, is the attorney for the State Department of Revenues, having been appointed to such position under the laws of the State of Arkansas by and with the direct approval of the Governor, Sidney S. McMath, the plaintiff herein whose suit he is purportedly attempting to defend. Such is both contrary to law and to the public policy of the State of Arkansas.

"WHEREFORE, petitioner, Ike Murry, prays that this Court enter its order herein authorizing him, in his official capacity as Attorney General of the State of Arkansas, to forthwith appear and defend this cause as attorney for the defendant."

Appellant, Commissioner, in his response (after admitting certain allegations not in dispute) denied "each and every other allegation contained in intervener's petition" and further alleged "that there are other suits now pending filed by income taxpayers in this state, one in Pulaski County Chancery Court and one in Sebastian County Chancery Court and that many other such cases have been filed and determined by both the Chancery and Supreme Courts, that the said Ike Murry, as Attorney General, has never before made a request to be permitted to intervene or to assist in any way in any of said suits.

"Defendant further answering states that the plaintiff, McMath, filed his income tax returns and paid the tax reflected to be due the State therein for the years in question and that upon examination of said returns this defendant, as Commissioner of Revenues, restated said returns and recomputed the tax and assessed the plaintiff with the additional amount of tax here involved and

that the same was duly paid into the State Treasury and will remain therein until this Court is convinced by evidence to be produced by the plaintiff authorizing this Court to make proper determination herein.

"Defendant verily believes that this Court is capable of making its determination upon the proof to be presented before the Court in the trial of this cause and that the intervention of the Attorney General is not necessary."

A hearing was had in the Pulaski Chancery Court, First Division, which resulted in the following order, which recites in part: "The Court being well and sufficiently advised in the law and the facts herein, finds: That inasmuch as the Attorney General under the law is the legal representative of all Departments of the State Government, it is fitting and proper for the Attorney General to assist in the hearing of a Petition filed by the Governor for the return of Nine Hundred Forty-two and 31/100 Dollars ($942.31) assessed against him by the Commissioner of Revenues and paid by him, due to the fact that the Federal Government had called upon him and collected from him additional Income Taxes for the years in question in excess of Nine Thousand and No/100 Dollars ($9,000.00), but the Court does not find, nor presume that the said Carl F. Parker, as Commissioner of Revenues of this State, nor his attorney, O. T. Ward, has been, or will be negligent or fail to act properly in the preparation and presentation of said cause.

"It is therefore considered, ordered, adjudged and decreed that the Petitioner, Ike Murry, as Attorney General of Arkansas, be and he is hereby authorized, in his official capacity, to forthwith appear and aid in the defense of this cause, to be aided by O. T. Ward, Attorney for Carl F. Parker, the attorneys for the defendant, Carl F. Parker as Commissioner of Revenues of this State."

The cause is here both on appeal and certiorari.

At the outset, we are confronted with appellee's contention that the court's order, above, was not an appeal-

able order. We do not agree. In an exhaustive opinion on what is, and what is not, an appealable order, this court in *Flanagan* v. *Drainage District No. 17,* 176 Ark. 31, 2 S. W. 2d 70, said: "Section 2129 of C. & M. Digest (now § 27-2101 Ark. Stats. 1947) provides as follows: 'The Supreme Court shall have appellate jurisdiction over the final orders, judgments and determinations of all inferior courts of the State,' etc. . . .

"This court, in *Campbell* v. *Sneed, supra* (5 Ark. 398), in giving its reasons for declaring such a judgment not final, said: 'Because it neither in form nor effect dismisses the parties from the court, discharges them from the action, *or concludes their rights in respect to the subject-matter in controversy in the case;* and no proceeding in court, not attended with at least one of these consequences, can, in our opinion, be considered as embraced by the law allowing "writs of error upon any final judgment or decision of any circuit court".'

"In *State Bank* v. *Bates,* 10 Ark. 631, we said: 'A judgment, to be final, must dismiss the parties from the court, discharge them from the action, *or conclude their rights to the subject-matter in controversy.'* . . .

"This court has never departed from the doctrine announced in *Campbell* v. *Sneed, State Bank* v. *Bates,* and *Tucker* v. *Yell, supra* (25 Ark. 420), to the effect that, *where a decree concludes the rights of the parties to the action in respect to the subject-matter in controversy in the case,* it is a final decree. That doctrine, announced so early has been reaffirmed expressly and in legal effect in all subsequent cases.

"In *Davie* v. *Davie, supra,* (52 Ark. 224, 12 S. W. 558), a leading case on the subject, it is said: 'An appeal is allowed also *where a distinct and several branch of the case is finally determined, although the suit is not ended'.*"

So here, it appears to us that the trial court had finally determined that the Attorney General should be permitted, at his option, to intervene in the present suit, direct and control it, permitting counsel for the Revenue

Commissioner to assist. On this branch of the case, the order was final and left nothing remaining to be done.

Next, the Attorney General says "that he has the authority to control the litigation of any State department or agency when such appears necessary or desirable." We agree with this contention where the facts in a particular case make it appear that the Attorney General's intervention was "necessary or desirable," or stated another way, when the institution or agency "needs" the services of counsel and this "need" is certified to the Attorney General.

The primary and decisive question, therefore, is: Was there such "need" in the instant case? We hold that there was not.

Section 1, Art. VI of our Constitution created the office of Attorney General, and § 22 of Art. VI prescribes the duties of the Attorney General, as follows: "The . . . Attorney General shall perform such duties as may be prescribed by law . . ." It thus appears obvious that the official position of the Attorney General is a constitutional one, but that his duties are purely statutory.

Act 14 of the 1933 General Assembly provides: "The Attorney General shall be the attorney for all State Officials, departments, institutions and agencies, and whenever any officer or department, institution or agency of the State *needs the services of an attorney the matter shall be certified to the Attorney General* (emphasis ours) for attention," (now § 12-701, Ark. Stats. 1947).

Our Revenue Department was first created by Act 88 of 1925, under the title of Commissioner of Insurance and Revenue. No provision was made for counsel. By Act 115 of 1927, there was created the separate office of Revenue Commissioner, and thereafter in 1933, the Legislature provided for a "Legal Adviser for the Commissioner" and by Act 80 placed the Legal Adviser on an annual salary basis. Thereafter, the burdens and duties added to the office of the Revenue Commissioner had so

increased that the General Assembly of 1935, in order to define and set out his duties, passed Act 131, which provides: "SECTION 1. The Revenue Commissioner of the State of Arkansas is hereby given authority to promulgate any and all regulations, rules and orders which he may deem necessary to effectively collect all taxes, penalties, delinquencies, defaults and other monies required by law to be collected by the State Revenue Department, and suits may be filed in the name of the Commissioner of Revenues and at his instance to recover money due and payable to the State and collectible by him. Within ten days after any amount of money is due and payable the Revenue Commissioner shall take steps to collect the same. . . .

"SECTION 3. The Commissioner of Revenues shall employ such clerical and legal assistants as he may deem necessary for the proper function of the Revenue Department. The Commissioner of Revenues, if he deems necessary and if a saving of money can be had thereby, by and with the approval of the Governor, shall employ an attorney for the Revenue Department, which said attorney shall have the same qualifications as are now required for a circuit judge and whose salary shall be $4,200 a year to be paid in twelve monthly installments out of any moneys heretofore or hereafter appropriated for such purpose.

"SECTION 4. All laws and parts of laws in conflict herewith be and the same are hereby repealed.

"SECTION 5. It is hereby declared that certain defects in the law defining the duties of the Commissioner of Revenues of the State of Arkansas should be immediately corrected so that all litigation wherein the State of Arkansas is a party at interest can be more properly prosecuted; that this Act is essential to the immediate preservation of the public health, peace and safety; an emergency is hereby declared and this Act shall take effect and be in full force and effect from and after its passage."

The Legislative purpose and intent under this act appears clear. We take notice that the Legislature has

from time to time provided for counsel for other State agencies besides that of the Revenue Commissioner to effect greater efficiency and incidentally to take some of the burdens and duties off of the Attorney General. It is apparent to us that the Attorney General may intervene in a suit prosecuted by the Commissioner of Revenues, as here, when and only when, the Commissioner of Revenues needs his services and so certifies this need to the Attorney General, and that such was the intent of the Legislature. This need may arise, for example, when it is shown that the State's interests are being jeopardized by neglect, refusal to act, or inefficiency on the part of counsel representing the Revenue Commissioner. In the present case, there is absolutely no showing "of the need" contemplated under the law and no intimation of neglect, refusal to act, inefficiency, or lack of ability on the part of the counsel for the Commissioner or that he has or will shirk his duty to the people of the State of Arkansas. In fact, the trial court, in effect, so found.

Reversed and remanded with directions to dismiss the petition of the Attorney General.

Justice McFADDIN not participating.