NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, a CORPORATION, v. THAD EURE, SECRETARY OF STATE, AND GEORGE B. PATTON, ATTORNEY GENERAL.

(Filed 11 January, 1957.)

**1. Pleadings § 19b—**

A defendant may demur to a complaint when it appears on the face thereof that two or more causes of action have been improperly united. G.S. 1-127.

**2. Pleadings § 2—**

Several causes of action arising out of the same transaction or transactions connected with the same subject of action may be united in the complaint provided all the causes of action affect all the parties to the action. This proviso is not applicable to actions to foreclose a mortgage. G.S. 1-123 (1).

**3. State § 1a—**

The Attorney General has no specific enforcement duty in regard to the initiation of a prosecution for the violation of a criminal statute in the absence of express provision therefor in the statute, since his duties in regard to the solicitors of the State are purely advisory and he has no constitutional authority to issue a directive to any of them, and the solicitors have the constitutional and statutory duty to prosecute criminal actions in the Superior Courts. Constitution of North Carolina, Art. III, sec. 13; Art. IV, sec. 23; G.S. 114-2; G.S. 7-43.

**4. Constitutional Law § 8d—**

The Attorney General has no specific enforcement duty in connection with G.S. Ch. 120, Art. 10, requiring organizations engaged in the activity of influencing public opinion or legislation in this State to register with the Secretary of State.

**5. Pleadings § 20½—**

The court, upon sustaining demurrer for misjoinder of causes of action, has the power to sever the causes for trial.

**6. Declaratory Judgment Act § 6—**

The court, in a proceeding under the Declaratory Judgment Act, has the discretionary power, upon its finding that a decision based on one of the alleged causes of action would not settle the controversy, to dismiss that cause.   G.S. 1-257.

**7. Pleadings § 19b—**

This action was brought under the Declaratory Judgment Act against the Secretary of State and the Attorney General to obtain a declaration as to the applicability to plaintiff of G.S. 120, Art. 10, and G.S. 55-118. *Held:* The court properly sustained a demurrer for misjoinder of parties and causes of action, since the Attorney General is not affected by the cause of action relating to the registration of persons and organizations engaged in influencing public opinion or legislation, and therefore the causes do not affect all the parties.

**8. Declaratory Judgment Act § 6:  Corporations § 2—**

This action was brought against the Secretary of State and the Attorney General to determine the applicability to plaintiff of G.S. Ch. 120, Art. 10, and G.S. 55-118.   *Held:* Upon severance of the causes upon demurrer, the court in its discretion properly dismissed the first cause of action on the ground that a declaration would not settle that controversy since it would not be binding on the solicitors, and retained the second cause for trial, the Attorney General being a proper nominal party thereto since he is empowered to prosecute for the penalty provided by G.S. 55-118 for failure of a foreign corporation to register in accordance with its mandate.

JOHNSON and RODMAN, JJ., not sitting.

APPEAL by plaintiff from *Hobgood, J.,* March Civil Term 1956 of WAKE.

Proceeding under the Declaratory Judgment Act (G.S. 1-253 *et seq.*) heard upon demurrer.

During the pendency of the appeal the Honorable William B. Rodman, Jr., Attorney General of North Carolina, was appointed a member of this Court, and the Honorable George B. Patton was appointed to succeed him as Attorney General.   By virtue of Rule 20(4), Rules of Practice in the Supreme Court, 221 N.C. 544; G.S. Vol. 4A, pp. 157, *et seq.,* the Court ordered the proceeding to be amended by deleting the name of the Honorable William B. Rodman, Jr. as a party defendant, and by substituting in lieu thereof the name of the Honorable George B. Patton, now Attorney General of North Carolina, as a party defendant.

This appeal presents for determination a question of procedure. Therefore, we summarize below only those facts alleged in the complaint, which are essential for a decision upon the one question presented.

Plaintiff is a membership New York corporation created and existing to promote equality of rights among the citizens of the United States and for other purposes set forth in its certificate of incorporation attached to the complaint. Thad Eure is Secretary of State of North Carolina, and William B. Rodman, Jr. is Attorney General of North Carolina.

On 14 November 1955 defendant Thad Eure, acting as Secretary of State of North Carolina, wrote plaintiff directing its attention to G.S. Ch. 120, Art. 10, which requires that every organization, which is principally engaged in the activity or business of influencing public opinion or legislation in the State, shall, prior to engaging in such activity, cause its name to be entered upon a docket in the office of the Secretary of State of North Carolina, which docket shall contain certain information, and also to G.S. 55-118, which requires that every foreign corporation before being permitted to do business in the State shall file in the office of the Secretary of State a copy of its charter and certain specified facts.

Plaintiff contended by letters that it was not required to register under either of these two statutes. On 30 January 1956 William B. Rodman, Jr., as Attorney General of North Carolina, wrote plaintiff that in his opinion plaintiff had subjected itself to the laws of North Carolina, and repeated the request that plaintiff comply with the requirements of the statutes to which its attention had been directed.

If plaintiff is required to register by virtue of these two statutes and does not do so, plaintiff will be subject to the civil penalty imposed by G.S. 55-118, and will be guilty of a misdemeanor by virtue of G.S. Ch. 120, Art. 10.

Plaintiff is doing no business in North Carolina, which makes it subject to the provisions of G.S. 55-118. Plaintiff's activities are protected by the U. S. Constitution from State interference in that they constitute interstate commerce, protected by Art. 1, Sec. 8 of that constitution, and are the exercise of the right of freedom of speech and of the right to petition for redress of grievances protected by the Federal Constitution. To require plaintiff to register under these two statutes would constitute a denial of due process of law guaranteed to it by the 14th Amendment to the U. S. Constitution.

G.S. Ch. 120, Art. 10, is not applicable to plaintiff, because it is not principally engaged in influencing public opinion or legislation in North Carolina. However, if it is applicable, it violates the 14th Amendment to the U. S. Constitution in that it interferes with freedom of speech, and is vague to the extent of denying due process of law.

A controversy exists between the parties to the action.

Plaintiff prays that the court enter judgment declaring that the State of North Carolina has no power to require it to register under

G.S. 55-118, because such requirement would violate Art. 1, Sec. 8, and the 14th Amendment, of the U. S. Constitution, and that G.S. Ch. 120, Art. 10, does not apply to plaintiff, but that if it does, it denies freedom of speech, and is so vague that it denies due process of law guaranteed by the 14th Amendment to the U. S. Constitution.

Defendants demurred to the complaint upon the following grounds: Plaintiff seeks to assert two unrelated causes of action, which cannot be joined. A cause of action calling for a construction of the validity of and the application of G.S. 55-118 to plaintiff, a violation of which carries a civil penalty. A cause of action involving the criminal laws of the State of North Carolina, G.S. 120-48, *et seq.* Plaintiff cannot test in a civil action its criminal responsibility for violating a criminal statute, if it has violated it. The Declaratory Judgment Act has no application to criminal actions. The validity of a criminal statute cannot be determined under the Act. Plaintiff has stated no cause of action as to G.S. Ch. 120, Art. 10, and the State of North Carolina has not given its consent to such a suit. The court, in its discretion, should enter an order requiring plaintiff to delete from its complaint all references to G.S. Ch. 120, Art. 10. Wherefore, the defendants pray that their demurrer be sustained, that the court order a severance of the actions, and dismiss the action asserted, or attempted to be asserted, under G.S. Ch. 120, Art. 10, and that the pleadings be reformed so as to be applicable only to G.S. 55-118.

On a hearing upon the demurrer the court entered judgment sustaining the demurrer; and being of opinion that a decision on the action in reference to G.S. Ch. 120, Art. 10, would not settle the controversy between the parties, and that the court should, in its discretion, dismiss that action, the court dismissed that action, and gave plaintiff 20 days to reframe its complaint by striking therefrom all reference to G.S. Ch. 120, Art. 10, thereby leaving for determination the applicability of G.S. 55-118 to plaintiff.

From the judgment plaintiff appeals.

*George B. Patton, Attorney General, and Robert E. Giles, Assistant Attorney General, and F. Kent Burns, Staff Attorney, for the State.*

*William A. Marsh, Jr., Conrad O. Pearson, Robert L. Carter and Thurgood Marshall for Plaintiff, Appellant.*

Parker, J.  On this appeal we have for decision solely a question of procedure. The defendant may demur to a complaint when it appears on the face thereof two or more causes of action have been improperly united. G.S. 1-127.

Joinder of two or more several causes of action in the same complaint must meet the requirements of G.S. 1-123.

Plaintiff contends the present joinder is authorized by the provisions of G.S. 1-123, because that statute provides that "plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of—1. The same transaction, or transaction connected with the same subject of action." But plaintiff in his brief fails to take into consideration this 'further explicit language in G.S. 1-123; "But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated." G.S. 1-123 authorizes the joinder of certain causes of action, "but each of them must affect *all* the parties to the transaction (Section 267(7)). 'It is not sufficient that some of the defendants be affected by each of them. All of the defendants must be affected by each of them to warrant the union of them in one suit.'" *R. R. v. Hardware Co.*, 135 N.C. 73, 47 S.E. 234. See: McIntosh N. C. Prac. & Proc., 2nd Ed., sec. 1165.

It is manifest that both defendants are not affected by each cause of action plaintiff has alleged and joined in its complaint, or in other words the two alleged causes of action do not affect both defendants. In respect to the alleged cause of action to determine the applicability to plaintiff of G.S. 55-118—foreign corporation required to file certain instruments in the office of the Secretary of State before being permitted to do business in the State—it would seem that the Secretary of State and the Attorney General are proper parties defendant and the action in varying degrees affects both, because the Secretary of State has certain ministerial duties to perform under G.S. 55-118, and because the statute provides that "every corporation failing to comply with the provisions of this section shall forfeit to the State five hundred dollars, to be recovered, with costs, in an action to be prosecuted by the Attorney General, who shall prosecute such actions whenever it appears that this section has been violated." In respect to the alleged cause of action to determine the applicability of G.S. Ch. 120, Art. 10—Registration in the office of the Secretary of State of persons and organizations principally engaged in influencing public opinion or legislation—it is plain that the Attorney General is not affected. A violation of this article is a misdemeanor, punishable by fine or imprisonment in the discretion of the court. There is no reference in any part of G.S. Ch. 120, Art. 10 to the Attorney General. He has no specific enforcement duty in connection therewith, as he has with G.S. 55-118.

The North Carolina Constitution, Art. III, sec. 13, provides that the duties of the Attorney General "shall be prescribed by law." Our Constitution, in Art. IV, sec. 23, provides for the creation of solicitorial districts, for each of which a solicitor shall be elected, who shall "prosecute on behalf of the State in all criminal actions in the Superior

Courts." G.S. 7-43 provides that a solicitor shall be elected for each solicitorial district, and shall "prosecute on behalf of the State in all criminal actions in the Superior Courts." Statutory duties of the Attorney General are set forth in G.S. Ch. 114. G.S. 114-2 provides that it shall be the duty of the Attorney General: "1. To defend all actions in the Supreme Court in which the State shall be interested, or is a party; and also when requested by the Governor or either branch of the General Assembly to appear for the State in any other court or tribunal in any cause or matter, civil or criminal, in which the State may be a party or interested. 2. At the request of the Governor, Secretary of State, Treasurer, Auditor, Utilities Commission, Commissioner of Banks, Insurance Commissioner or Superintendent of Public Instruction, he shall prosecute and defend all suits relating to matters connected with their departments . . . 4. To consult with and advise the solicitors, when requested by them, in all matters pertaining to the duties of their office." G.S. 114-6 provides: "The Attorney General shall continue to perform all duties now required of his office by law and to exercise the duties now prescribed by law as to civil litigation affecting the State, or any agency or department thereof."

This Court said in *S. v. Loesch*, 237 N.C. 611, 75 S.E. 2d 654: "The Attorney General and the several solicitors of the State are constitutional officers and their duties are set forth in the Constitution and the statutes. In Article III, Section 18, of the Constitution of North Carolina, the General Assembly is authorized and empowered 'to create a Department of Justice under the supervision and direction of the Attorney General, and to enact suitable laws defining the authority of the Attorney General and other officers and agencies concerning the prosecution of crime and the administration of the criminal laws of the State.' Pursuant to the above authority, the General Assembly enacted G.S. 114-2 prescribing the duties of the Attorney General. Subsection 4 of this section reads as follows: 'To consult with and advise the solicitors, when requested by them, in all matters pertaining to the duties of their office.' Therefore, the duty of the Attorney General in so far as it extends to the solicitors of the State is purely advisory. The Attorney General has no constitutional authority to issue a directive to any other constitutional officer concerning his legal duties."

G.S. 159-40 prosecution by Attorney General for violations of Ch. 159—Local Government Acts—has no application.

There is no language in G.S. Ch. 120, Art. 10 to deprive the solicitor of his constitutional and statutory duty to prosecute violations of this Article. This Court said in *S. v. McAfee*, 189 N.C. 320, 127 S.E. 204: "A solicitor is the most responsible officer of the court and has been spoken of as 'its right arm.' He is a constitutional officer, elected in

his district by the qualified voters thereof, and his special duties pre-
scribed by the Constitution, Art. IV, sec. 23."

There is no allegation in the complaint that the Governor, or either
branch of the General Assembly, or the Secretary of State, or any of
the other officers enumerated in G.S. 114-2, has requested the Attorney
General to prosecute plaintiff for any violation, if there has been such,
of G.S. Ch. 120, Art. 10, by plaintiff. A careful examination of our
statutes discloses no grant of power or authority which would authorize
the Attorney General, in his official capacity, to prosecute plaintiff for
any alleged violation of G.S. Ch. 120, Art. 10, if it has committed such,
and to take over the constitutional power and duty of the solicitor of
the district, in such prosecution, and no such statute has been called to
our attention. See: *Railroad Cases*, 136 F. 233; *Parker v. Murry*, 221
Ark. 554, 254 S.W. 2d 468; *Davis v. Pelley*, 230 Ind. 248, 102 N.E. 2d
910; 7 C.J.S., Attorney General, p. 1223; 7 Am. Jur., Attorney General,
pp. 235-236.

The demurrer was properly sustained for a misjoinder of causes for
the reason that the two alleged causes of action do not affect both
defendants.

The court below being of the opinion that a decision based on the
alleged cause of action in respect to the applicability of G.S. Ch. 120,
Art. 10, would not settle the controversy between the parties, and that
the court should, in its discretion, dismiss that alleged cause of action,
dismissed it. The court had such discretion by virtue of the provision
of G.S. 1-257, and we do not find that it abused its discretion. If the
court in respect to such alleged cause of action had rendered a decision
in plaintiff's favor, it would not be binding on the solicitors for the
State, who are not parties in any respect.

Although the court sustained the demurrer, it had the power to sever
the two alleged causes of action, and retain the one in respect to the
applicability of G.S. 55-118 to plaintiff. *Teague v. Oil Co.*, 232 N.C.
469, 61 S.E. 2d 345; *R. R. v. Hardware Co., supra.*

G.S. 55-118 provides that the Attorney General shall prosecute
actions for a violation of this section, whenever it appears that the
section has been violated. This duty calls for the exercise of some
discretion and judgment on his part. It seems that it cannot be suc-
cessfully contended that our Declaratory Judgment Act authorizes a
proceeding against the Attorney General to determine the permissible
scope of his official duty under a given statute. It would seem that the
Attorney General is not a real party defendant, but that he should be
retained as a nominal defendant with the Secretary of State, as the
constitutionality of G.S. 55-118 is being challenged.

The last sentence of the Attorney General's brief states: "The judg-
ment of the trial court should be affirmed, and the case remanded for

hearing on the merits to determine whether plaintiff is required to comply with G.S. 55-118."

Plaintiff has failed to comply with G.S. 1-123 in that his two alleged causes of action have not been separately stated. *Tart v. Byrne,* 243 N.C. 409, 90 S.E. 2d 692; *Mills v. Cemetery Park Corp.,* 242 N.C. 20, 86 S.E. 2d 893; Rules of Practice in the Supreme Court, Rule 20(2), 221 N.C. 557.

The judgment below is
Affirmed.

JOHNSON and RODMAN, JJ., not sitting.