MARY ELIZABETH BROWNE, PETITIONER v. CATAWBA COUNTY DEPARTMENT OF SOCIAL SERVICES, VILLARD C. BLEVINS, SHEILA S. COULTER, SYBIL GOOD, AND JERRY EVANS, RESPONDENTS, IN THE MATTER OF THE CUSTODY OF ANGELA RUTH CHURCH, AGE SEVEN, AND EARL CLIFFORD CHURCH, AGE TEN, MINORS

No. 7425DC446

(Filed 17 July 1974)

1. Infants § 9— child in custody of department of social services — standing of former foster parent to bring custody action

Where minor children had been placed in the custody of the county department of social services after the district court determined they were neglected, the mother executed a consent for them to be adopted, and the father's parental rights were terminated pursuant to G.S. 7A-288, a foster parent with whom the children were temporarily placed had no standing to have the court determine the custody of the children, temporary or permanent, after the department removed the children from the foster parent's home to another facility.

2. Parent and Child § 1; Rules of Civil Procedure § 60— termination of parental rights — motion in cause by person not a party

A person who was not a party to a proceeding to terminate parental rights under G.S. 7A-288 has no right to seek review of the case by a motion in the cause. G.S. 1A-1, Rule 60.

APPEAL by respondents from *Duncan, Judge,* 26 November 1973 Session of District Court held in CATAWBA County.

On 25 September 1973, petitioner Mary Elizabeth Browne applied for writ of habeas corpus requesting the court to determine the proper custody of the minor children Angela Ruth Church and Earl Clifford Chuch. Judge Duncan, by order of 25 September 1973, granted the writ, made returnable by respondents on 18 October 1973. On 16 October 1973, respondents moved for a court reporter and that they be excused from having the children present at the hearing, and filed answer. Upon motion of petitioner the proceeding was also treated as "a motion for review in juvenile case 71 J 123." Hearing was held on 29 and 30 November and 5 December 1973. On 18 December 1973, the court entered an order making findings of fact and conclusions of law, and providing that petitioner have custody of the children pending their permanent adoptive placement, and that respondent Department of Social Services pay petitioner $200 per month for the care and maintenance of the children and pay medical bills. Respondents appealed.

*Forrest A. Ferrell and Jeffrey T. Mackie for petitioner appellee.*

*Corne, Warlick & Pitts, by Thomas W. Warlick, for respondent appellants.*

BRITT, Judge.

[1]  While respondents assign numerous errors, we find it necessary only to consider respondents' third assignment for the determination of this appeal. The third assignment is to the failure of the court to direct a verdict in respondents' favor. Since the case was tried without a jury, with the court the finder of the facts, a motion for directed verdict was improper; nevertheless, we shall treat respondents' motion as a motion for an involuntary dismissal under G.S. 1A-1, Rule 41 (b) in order to pass on the merits of the questions sought to be raised. *Neff v. Coach Co.,* 16 N.C. App. 466, 192 S.E. 2d 587 (1972).

A motion under Rule 41 (b) raises the question of whether any findings of fact could be made from the evidence which would support a recovery. *Pegram-West, Inc. v. Homes, Inc.,* 12 N.C. App. 519, 184 S.E. 2d 65 (1971). A review of the evidence reveals no facts under which petitioner would be entitled to an award of custody or other relief.

The evidence tended to show: On 19 November 1971, after an adjudication by the district court that the children were neglected, they were placed in the custody of respondent Department of Social Services. On that date, a representative of the department placed the children with petitioner under the Foster Home Program until procedures could be worked out to qualify the children for adoption. On 10 October 1972, the mother of the children executed a consent for them to be adopted. On 29 May 1973, an order, finding willful abandonment by, and terminating the parental rights of the father, was entered. On 28 August 1973, representatives of respondent Department of Social Services removed the children from petitioner's home to another facility.

G.S. 7A-288 provides for the custody of, and the termination of parental rights in, neglected children. The statute contains the following provision: "In such cases, the court shall place the child by written order in the custody of the county department of social services or a licensed child-placing agency, *and such custodian shall have the right to make such placement plans for the child as it finds to be in his best interest.* Such county department of social services or licensed child-placing agency shall further have the authority to consent to the adoption of the child, to its marriage, to its enlistment in the armed forces of the United States, and to surgical and other medical treatment of the child." (Emphasis added.)

We hold that petitioner had no standing to have the court determine the custody, temporary or permanent, of the children in question.

[2] We then come to the consideration of the treatment by the court of the proceeding as a "Motion for review in Juvenile Case 71 J 123." This would seem to say that there was a motion in the cause to review a former case involving the children. We do not know, because the motion does not appear in the record, and the record does not show the disposition in the former case. Assuming this to be a motion in the cause, and that cause to be the action to terminate parental rights under G.S. 7A-288, we find the motion to be improper. Under G.S. 1A-1, Rule 60, a party or his legal representative may seek relief from a final judgment. Petitioner was not a party, and is not the legal representative of a party, in the former cause.

For the reasons stated, the judgment appealed from is

Reversed.

Judges MORRIS and BALEY concur.