404 S.E.2d 508 (1991)
103 N.C. App. 166
UNION GROVE MILLING AND MANUFACTURING COMPANY, Plaintiff,
v.
John A. FAW, Mary Edna Gaither Faw (now Mary Edna Gaither); N.C. Dairy Herd Improvement Assoc., Inc., Dale Pierce, Robert Laney, NCNB National Bank of North Carolina, Steve Adams, Benny Foster and Bartlett Milling Company, Defendants.
No. 9023SC972.
Court of Appeals of North Carolina.
June 4, 1991.
Eisele & Ashburn, P.A. by Douglas G. Eisele, Statesville, for plaintiff-appellee.
Hall and Brooks by John E. Hall, Wilkesboro, for defendants-appellants.
WYNN, Judge.
This appeal involves the effect of a judgment lien against one spouse on marital property which, by virtue of a divorce decree, has been converted into property held as a tenancy in common and which, by virtue of a subsequent equitable distribution award, has been awarded to the non-debtor spouse. The specific issue here is whether the non-debtor spouse takes the property subject to the lien of judgment.
Plaintiff brought this action as a special proceeding in Wilkes County Superior Court alleging that as a judgment creditor of defendant John A. Faw, it was entitled to recover one-half of the surplus proceeds remaining after a foreclosure sale of former marital property. In addition to defendant John Faw, plaintiff named as defendants *509 the appellant, Mary Edna Gaither Faw (defendant John Faw's former wife, now Mary Edna Gaither), and several other persons or entities that had judgments against the defendant John Faw, individually (each of these judgments was docketed after plaintiff's judgment). Because issues of fact were raised by the responsive pleadings, the proceeding was transferred to the civil issue docket pursuant to the provisions of N.C.Gen.Stat. § 45-21.32(c) (1984). The record reveals the following additional facts.
During their marriage, the Faws acquired a tract of land in Readies River Township, Wilkes County, as tenants by the entireties (hereinafter referred to as "the property"). As security for the payment of certain monies, the Faws executed and delivered a deed of trust covering the property to the Federal Land Bank.
On 4 February 1988, plaintiff obtained a $34,981.09 judgment in the Iredell County Superior Court against Mr. Faw, individually. Subsequently, on 15 February 1988, plaintiff docketed the judgment in the office of the Clerk of Superior Court for Wilkes County.
In December 1988, the Federal Land Bank, through its substitute trustee, instituted foreclosure proceedings on the property after the Faws had defaulted on the underlying obligation secured by the deed of trust. Prior to the sale of the property, the Faws became divorced by judgment filed January 3, 1989; and, in June 1989, appellant (Mrs. Faw) was awarded the entire ownership of the property as part of an equitable distribution award.
Following the Faws' divorce and the division of the marital property, the substitute trustee, pursuant to an authorization from the clerk of court, conducted a sale of the property. After the foreclosure sale and subsequent extinction of the underlying debts and fees, there remained surplus proceeds in the amount of $71,375.54. Faced with the claim of the plaintiff/judgment creditor, the substitute trustee paid one-half of the proceeds to appellant and deposited the remaining one-half with the clerk of court pending a determination as to its ownership.
Thereafter, plaintiff instituted this special proceeding asserting that its judgment lien against Mr. Faw's interest in the subject property was superior in time to any other and that it was therefore entitled to the remaining one-half of the surplus proceeds. From the trial court's grant of summary judgment in favor of the plaintiff, Mrs. Faw appeals.

I
It is well established in North Carolina that summary judgment is properly granted where there are no genuine issues of material fact to be decided and the movant is entitled to judgment as a matter of law. Lee v. Shor, 10 N.C.App. 231, 178 S.E.2d 101 (1970). The appellant does not contend that there were genuine issues of material fact to be decided by the trial court; rather, she contends that plaintiff was not entitled to judgment as a matter of law. We disagree.
When property is held by married persons as tenants by the entireties, a lien of judgment effective against only one spouse does not attach to the property until the property is converted into another form of estate. In re Foreclosure of Deed of Trust, 303 N.C. 514, 519-20, 279 S.E.2d 566, 569 (1981). One such type of conversion occurs upon divorce where property held as a tenancy by the entirety is converted into property held as a tenancy in common, and each former spouse thereafter holds an undivided one-half interest in the subject property. Branch Banking and Trust Co. v. Wright, 74 N.C.App. 550, 552, 328 S.E.2d 840, 841, disc. review allowed, 314 N.C. 662, 335 S.E.2d 321, appeal withdrawn, 318 N.C. 505, 353 S.E.2d 225 (1985). Moreover, upon divorce, each former spouse's undivided one-half interest becomes subject to the claims of his or her individual creditors. Id. 74 N.C.App. at 553, 328 S.E.2d at 842.
In Wright, supra, this court stated that, "the estate of a tenancy in common of necessity intervenes between absolute divorce and award of title pursuant to equitable *510 distribution when property was held by the entireties." Id. Once it is established that there has been a tenancy in common, the rule is that the grantee of a tenant in common can take only that tenant's share and step into that tenant's shoes. Id. at 552, 328 S.E.2d at 841.
In the instant case, the divorce between Mr. and Mrs. Faw on 3 January 1989 converted their tenancy by the entirety ownership in the subject property into tenancy in common ownership and the plaintiff's lien of judgment immediately attached to Mr. Faw's undivided one-half interest. Thus, upon being awarded the subject property in the equitable distribution judgment, appellant took title in fee simple absolute subject to the plaintiff's judgment lien on defendant John Faw's one-half undivided interest. See Id. at 553, 328 S.E.2d at 842.

II
The appellant has failed to address her second assignment of error in her brief; accordingly, it is deemed abandoned. N.C. R.App.P. 28(b)(5).

III
For the reasons set forth above, the judgment entered below is
Affirmed.
COZORT and ORR, JJ., concur.