UNION GROVE MILLING AND MANUFACTURING CO., INC. v. MARY EDNA FAW

No. 9223SC64

(Filed 2 March 1993)

**Mortgages and Deeds of Trust § 109 (NCI4th)— defaulting bidder— no right of judgment creditor to bring action—judgment creditor not real party in interest**

A judgment creditor lacks standing to bring an action against a defaulting bidder as that term is used in N.C.G.S. § 45-21.30, since the trustee and not a judgment creditor is the real party in interest.

**Am Jur 2d, Mortgages § 757.**

Appeal from judgment entered 3 October 1991 by Judge William H. Freeman in Wilkes County Superior Court. Heard in the Court of Appeals 4 January 1993.

UNION GROVE MILLING AND MANUFACTURING CO. v. FAW

[109 N.C. App. 248 (1993)]

*Eisele & Ashburn, P.A., by Douglas G. Eisele, for plaintiff-appellee.*

*John E. Hall for defendant-appellant.*

LEWIS, Judge.

The sole issue we address in this appeal is whether a judgment creditor has standing to bring an action against a defaulting bidder as that term is used in N.C.G.S. § 45-21.30 (1991). We hold that a judgment creditor lacks standing to bring such an action and hereby reverse the decision of the trial court granting summary judgment in favor of the plaintiff.

The facts of this case are somewhat confusing. Mary Edna Faw, defendant in this action, was married to John A. Faw and during their marriage, they acquired property in Wilkes County as tenants by the entirety. Thereafter, in order to secure a promissory note, the Faws executed a deed of trust in favor of Federal Land Bank of Columbia. The Faws fell behind in their payments and eventually defaulted on their promissory note. As a result the Federal Land Bank initiated foreclosure proceedings on 5 December 1988. Shortly thereafter on 3 January 1989, but after the foreclosure proceedings had been initiated, the Faws were granted an absolute divorce.

The Faws' property was offered for sale on two occasions, but both times an upset bid was received, causing the trustee to conduct a third sale. At the third sale on 14 April 1989, Mary Faw was the highest bidder with a bid in the amount of $217,001. However, Mary Faw did not tender the amount of her bid causing the trustee to resell the property once again. At the final resale of the property, Randall Scott Faw, the son of Mary and John Faw, was the highest bidder with a bid of $197,001, leaving a difference of $20,000 from the amount originally bid by Mary Faw. The trustee however decided not to pursue an action against Mary Faw as a defaulting bidder under N.C.G.S. § 45-21.30. Instead the trustee sold the property to Randall Faw, for $197,001, which was in excess of the debt being foreclosed. As a result, the trustee paid one half of the surplus to Mary Faw and the other half of the surplus to the Wilkes County Clerk of Court.

During the Faws' marriage, John Faw had become indebted to Union Grove Milling and Manufacturing Co., Inc. ("Union Grove")

on a delinquent bill. Union Grove secured a judgment against John Faw in the principal amount of $34,981.09 plus costs and interest. As of 26 June 1991, the unpaid judgment amounted to $46,173.40. Due to the large amount of its judgment, Union Grove was very interested in John Faw's half of the surplus from the foreclosure sale which amounted to $35,687.77. When the trustee paid John Faw's half of the surplus to the clerk of court, Union Grove filed a special proceeding asserting that it had priority to John Faw's half of the proceeds.

That action eventually reached this Court where we determined that Union Grove had priority over any other creditors of John Faw and was entitled to the remaining one half of the proceeds. *See Union Grove Milling and Mfg. Co. v. Faw*, 103 N.C. App. 166, 404 S.E.2d 508 (1991). Pressing on for full satisfaction Union Grove also filed this action on 19 October 1989, claiming that if Mary Faw had honored her bid, then there would have been an additional $20,000 in surplus proceeds to which Union Grove would have been entitled to one-half.

In her Answer of 26 October 1989, Mary Faw denied Union Grove's claims and raised three defenses: (1) that the complaint failed to state a claim for which relief could be granted, (2) that Union Grove was not the real party in interest and had no standing to bring the action, and (3) that another prior action was pending between the parties. We will consider only whether or not Union Grove is the real party in interest.

On 13 August 1990, the trial court conducted a hearing on Mary Faw's Motion to Dismiss on the three theories previously asserted. In its order of 24 August 1990, the trial court denied defendant's motion on each basis.

Subsequently on 21 November 1990 the file in this case was ordered closed without prejudice by the Superior Court of Wilkes County on the basis that *Union Grove Milling and Mfg. Co. v. John A. Faw*, 103 N.C. App. 166, 404 S.E.2d 508 (1991), was then pending before this Court. On 1 July 1991, after this Court's ruling in the priority case, Union Grove moved to reopen this case. At approximately the same time Union Grove also filed a motion for summary judgment. The trial court granted Union Grove's motion to reopen this case and continued the motion for summary judgment until the next civil term. Thereafter, on 3 October 1991 Judge William Freeman signed an order granting summary judgment in

favor of Union Grove, entitling Union Grove to recover the sum of $10,340.24, the balance due on its debt. Defendant appeals from this order.

On appeal, defendant contends that the trial court erred in denying her motion to dismiss; however, we note that defendant has failed to properly raise this issue on appeal. Rule 3(d) of the North Carolina Rules of Appellate Procedure sets forth the contents of a Notice of Appeal and states that a party shall designate the judgment or order from which appeal is taken. In her Notice of Appeal, Mary Faw only designated the trial court's order granting summary judgment for Union Grove. She failed to designate the 24 August 1990 order denying her motion to dismiss on the basis of standing.

Even though defendant has failed to properly appeal the issue of standing, this Court, in its discretion will address it in order to provide guidance for future cases under N.C.G.S. § 45-21.30. In so doing we note that standing is a jurisdictional issue, *Davis v. City of Archdale*, 81 N.C. App. 505, 344 S.E.2d 369 (1986), and this Court may raise the question of subject matter jurisdiction on its own motion. *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 248 S.E.2d 576 (1978) *disc. rev. denied*, 296 N.C. 583, 254 S.E.2d 32 (1979).

Rule 17(a) of the North Carolina Rules of Civil Procedure provides that every claim shall be prosecuted in the name of the real party in interest. N.C.G.S. § 1A-1, Rule 17 (1990). This Court has previously stated that "[t]he real party in interest is the party who by substantive law has the legal right to enforce the claim in question." *Reliance Ins. Co. v. Walker*, 33 N.C. App. 15, 234 S.E.2d 206, *disc. rev. denied*, 293 N.C. 159, 236 S.E.2d 704 (1977). In addition we have also said that a real party in interest must have an interest in the subject matter of the litigation and not merely an interest in the action. *Id.*

Union Grove's only interest in the foreclosure action is the amount which it stands to profit as a result of any increase in the amount of surplus proceeds. Union Grove completely lacks any interest in the Faws' property which is the real subject matter of the litigation and has no substantive right to enforce a claim in foreclosure. As such, the real party in interest is the trustee in foreclosure and not Union Grove.

Under the facts of this case, Union Grove is merely a third party and potential beneficiary. At the time Mary Faw's bid was accepted by the trustee as the highest and last bid, a contract existed between Mary Faw and the trustee. *See In re Foreclosure of Allan & Warmbold Constr. Co.*, 88 N.C. App. 693, 364 S.E.2d 723, *disc. rev. denied*, 322 N.C. 480, 370 S.E.2d 222 (1988). Union Grove became a third party beneficiary of that contract to the extent of one-half of any surplus proceeds as a result of its status as a judgment creditor of John Faw. However, a third party beneficiary is not entitled to maintain an action for breach of contract when the contract is not made for the direct benefit of the third party and any benefit accruing to him is incidental. *Crosrol Carding Dev., Inc. v. Gunter & Cooke, Inc.*, 12 N.C. App. 448, 183 S.E.2d 834 (1971). It is clear that Union Grove was not an intended beneficiary of the foreclosure sale and that the only benefits flowing to Union Grove are due to circumstances previously arising. As a result Union Grove is not the real party in interest and has no standing to bring this action.

Union Grove contends that its standing derives from N.C.G.S. § 45-21.30. We disagree. N.C.G.S. § 45-21.30 (1991) provides in pertinent part:

(d) A defaulting bidder at any sale or resale is liable on his bid, and in case a resale is had because of such default, he shall remain liable to the extent that the final sale price is less than his bid plus all costs of such resale or resales.

(e) Nothing in this section deprives any person of any other remedy against the defaulting bidder.

It is clear from the facts of this case that Mary Faw has potential liability under section (d) as a defaulting bidder. The question is who has the right to bring an action against her as a defaulting bidder. Union Grove claims that it falls within the language of section (e) and is entitled to sue Mary Faw because it is "any person" bringing "any other remedy." While we agree that Union Grove is "any person," we disagree that Union Grove meets the requirement of "any other remedy."

In interpreting statutes, this Court seeks to give the statutory language the meaning which the legislature intended. The legislature's use of the language "any other remedy" suggests that the legislature intended that a remedy being brought under section

(e) must be one that is not already provided for in § 45-21.30. The remedy against a defaulting bidder is already provided for in section (d). As a result, Union Grove is not maintaining "any other remedy" but instead is maintaining a remedy already provided for by N.C.G.S. § 45-21.30(d). We do not believe that it was the intent of the legislature to allow judgment creditors, such as Union Grove, to use § 45-21.30 as a vehicle to circumvent the normal process for the collection of debts.

Union Grove has not been harmed in any way by our decision. Union Grove is still first in priority and our decision has done nothing to take that status away. As such, Union Grove is entitled to satisfy its judgment out of any property which John Faw has or may acquire in the future. However, Union Grove's judgment is against John Faw, not Mary Faw. To allow Union Grove to maintain this action against Mary Faw as a defaulting bidder would give judgment creditors a role in the foreclosure process which we do not think the legislature intended.

As further support for our decision that Union Grove is not the real party in interest, we take note of what this Court has already said in *In re Foreclosure of Allan & Warmbold Constr. Co.*, 88 N.C. App. 693, 364 S.E.2d 723, *disc. rev. denied*, 322 N.C. 480, 370 S.E.2d 222 (1988). Therein, this Court refused to let an individual withdraw his upset bid because no equitable basis existed to allow the bidder to withdraw his bid. In remanding the decision to the superior court to determine the amount the bidder was indebted to the trustee, this Court said that heed should be given to N.C.G.S. § 45-21.30 sub paragraphs (d) and (e). This language provides additional support for our holding that it is the trustee and not Union Grove who is the real party in interest in this matter.

For the foregoing reasons, we reverse the decision of the trial court granting plaintiff's motion for summary judgment and remand this case to the trial court for the entry of an order dismissing plaintiff's action.

Reversed and Remanded

Judges WELLS and COZORT concur.