SOTELO v. DREW

[123 N.C. App. 464 (1996)]

THERESA L. SOTELO, Plaintiff, v. CHARLES E. DREW, Defendant

No. COA95-482

(Filed 6 August 1996)

**Attorney General § 11 (NCI4th); Divorce and Separation § 567 (NCI4th)— URESA action—role of Attorney General—no jurisdiction of trial court to hear Rule 60(b) motion**

Where there was nothing in the record indicating the Attorney General was an original party, was asked by plaintiff, the State of Maryland, or the Wayne County District Attorney to intervene as a party, to act as plaintiff's legal representative, or to serve as plaintiff's attorney, the Attorney General's Rule 60(b) motion to set aside the District Court judge's order dismissing plaintiff's claim for child support arrearages was improper, and the trial court lacked jurisdiction to hear the matter, since, unless specifically requested to assist in the matter by the district attorney, the Attorney General's role was to handle the case in the event of an appeal, not a Rule 60(b) motion to set aside judgment.

**Am Jur 2d, Attorney General § 21; Desertion and Nonsupport § 149.**

**Decree for alimony rendered in another state or country (or domestic decree based thereon) as subject to enforcement by equitable remedies or by contempt proceedings. 18 ALR2d 862.**

Judge GREENE dissenting.

Appeal by the Attorney General from order entered 2 November 1994 by Judge E. Burt Aycock, Jr., in Wayne County District Court. Heard in the Court of Appeals 1 February 1996.

*Attorney General Michael F. Easley, by Associate Attorney General Elizabeth J. Weese, for plaintiff-appellant.*

*Warren, Kerr, Walston, Hollowell & Taylor, L.L.P., by David E. Hollowell and Richard J. Archie, for defendant-appellee.*

McGEE, Judge.

Plaintiff, Theresa L. Sotelo, filed a petition for registration and enforcement of a child support order entered on 19 September 1983

in the State of Maryland under provisions of the Uniform Reciprocal Enforcement of Support Act (URESA), N.C. Gen. Stat. §§ 52A-29 and 30 (subsequently repealed effective Jan. 1, 1996) and for arrearages accrued under the order. Plaintiff was represented by Assistant District Attorney Claude S. Ferguson as required under N.C. Gen. Stat. § 52A-10.1 (1992). The Maryland order was registered in Wayne County, North Carolina on 20 July 1993. Defendant was served a copy of the Notice of Registration. He retained counsel and filed a Response to Petition on 9 August 1993. Defendant argued he was current in his child support payments under a 1982 N.C. child support order requiring him to pay $100 per month; that the plaintiff and the State of Maryland had accepted the $100 per month payments and should be estopped from claiming arrearages under the Maryland order. He also pled the defenses of estoppel, laches, and the statute of limitations, as well as general principles of equity, in bar to any claim for arrearages.

A hearing was held by District Court Judge Kenneth R. Ellis. He entered an Order Confirming Registration on 27 August 1993 which confirmed registration of the Maryland order directing defendant to make payments of $40.00 per week for child support. Judge Ellis' order also dismissed plaintiff's claim for any arrearage which had accrued under the Maryland order. No appeal was taken from this order.

Almost a year later, the Attorney General, purportedly on behalf of plaintiff, filed a motion to set aside Judge Ellis' order dismissing plaintiff's claim for child support arrearages pursuant to Rule 60(b)(1), (4) and (6) of the Rules of Civil Procedure. A hearing was held by District Court Judge E. Burt Aycock, Jr. in late August 1994. At the hearing, defendant objected to the entry of the Attorney General into the proceeding. An associate attorney general explained to the court that she represented the Child Support Enforcement Section of the Department of Human Resources (DHR), which is responsible for administering the child support enforcement program. She admitted her office did nothing to formally intervene in the case. The court then made the following inquiry:

COURT: Mr. Delbridge I take it then that the Attorney General's here in this case with the consent or request of the District Attorney's office.

MR. DELBRIDGE: No. Actually Mr. Ferguson is the representative of the District Attorney's Office and involved initially in this other case. I am just here.

COURT: Is that fair to say then?

MR. FERGUSON: I believe so Your Honor although I was actually I was [sic] subpoenaed in the capacity of a witness taking [sic] the Attorney General does appear to request the assistance of the District Attorney's office.

COURT: And you are assuming that is the case here?

MR. FERGUSON: Yes sir.

COURT: Well I consider that out of the way then as far as their representation here.

By order dated 2 November 1994, Judge Aycock denied the Rule 60(b) motion to set aside Judge Ellis' order. From this order, the Attorney General appeals.

N.C. Gen. Stat. § 52A-10.1 in dealing with URESA petitions states:

It shall be the duty of the official who prosecutes criminal actions for the State in the court acquiring jurisdiction to appear on behalf of the obligee in proceedings under this Chapter. In the event of an appeal from a support order entered under this Chapter, the Attorney General shall represent the obligee.

When an out-of-state obligee (the party claiming to be owed support payments) files a URESA complaint in North Carolina, the case must be docketed in the appropriate county and the district attorney's office must be notified, as it is "the district attorney[] who appears 'on behalf of the obligee.' " *Reynolds v. Motley*, 96 N.C. App. 299, 302, 385 S.E.2d 548, 550 (1989) (quoting N.C. Gen. Stat. §§ 52A-10.1, -12). The Attorney General's office becomes involved in representing the obligee only "[i]n the event of an *appeal* from a support order entered under this Chapter." G.S. 52A-10.1 (emphasis added).

Under Article III, § 18 of the North Carolina Constitution, the General Assembly was authorized to create the Department of Justice, supervised by the Attorney General, and to enact laws defining the authority of the Attorney General. *N.A.A.C.P. v. Eure, Secretary of State*, 245 N.C. 331, 336, 95 S.E.2d 893, 897 (1957). Pursuant to this authority, the General Assembly enacted N.C. Gen. Stat. § 114-2 which prescribes the duties of the Attorney General. *N.A.A.C.P.*, 245 N.C. at 336, 95 S.E.2d at 897. Subsection 4 of this statute provides that it is the duty of the Attorney General "[t]o consult with and advise the prosecutors, *when requested by them*, in all

matters pertaining to the duties of their office." G.S. 114-2(4) (emphasis added). This duty to consult and advise prosecutors upon their request allows the Attorney General "to advise the prosecutors, not to completely replace them, or act instead of them, unless there is an express statutory provision authorizing the Attorney General to initiate a particular action." *State v. Felts*, 79 N.C. App. 205, 212, 339 S.E.2d 99, 103, *disc. review denied*, 316 N.C. 555, 344 S.E.2d 11 (1986).

There is nothing in the record indicating the Wayne County District Attorney ever requested the Attorney General's assistance in this case. Indeed, testimony at the Rule 60(b) motion hearing reveals that it was the Attorney General who called for the assistance of the district attorney. When the court asked whether the district attorney's office had requested the Attorney General's assistance, the assistant district attorney assigned to this case responded, "the Attorney General does appear to request the assistance of the District Attorney's office." The Attorney General has not shown any statutory authority which permits him to supplant the district attorney in representing plaintiff in these matters.

Rule 60(b) states that in some circumstances "[o]n motion and upon such terms as are just, the court may relieve *a party or his legal representative* from a final judgment . . . ." N.C.R. Civ. P. 60(b) (emphasis added). In *Browne v. Dept. of Social Services*, 22 N.C. App. 476, 206 S.E.2d 792 (1974) petitioner, the foster mother of two minor children, brought a habeas corpus proceeding to determine the proper custody of the children and she asked the court to treat the proceeding as a motion for review of an earlier case involving the minor children. After speculating the earlier case which petitioner sought to have reviewed was an action to terminate parental rights, this Court stated only "a party or his legal representative may seek relief from a final judgment. Petitioner was not a party, and is not the legal representative of a party, in the *former cause*." *Id.* at 478, 206 S.E.2d at 793. (emphasis added).

Applying these same principles to the facts of this case, we note the parties in the original action are plaintiff Theresa L. Sotelo, and defendant Charles E. Drew, not the Attorney General. There is nothing in the record indicating the Attorney General was ever made *a party or the legal representative of a party* in the original matter. Instead, the associate attorney general effectively attempted to take on the role of a party to the action by inserting herself in place of the

plaintiff. Following the 27 August 1993 consent order, the only documents appearing in the record were those filed along with the Rule 60(b) motion: (1) the notice of hearing (2) two letters from officials in the State of Maryland responding to requests which appear to have been initiated by the State of North Carolina Child Support Enforcement Division of the Department of Human Resources and (3) a short affidavit from Ms. Sotelo stating she never discussed with anyone the option of forgiving arrearages and that she filed this support order to obtain on-going child support and arrearages owed to her. There is nothing in the record indicating the Attorney General was an original party, was asked by Ms. Sotelo, the State of Maryland, or the Wayne County District Attorney to intervene as a party, to act as Ms. Sotelo's legal representative, or to serve as Ms. Sotelo's attorney. Therefore, the Attorney General's motion was improper and the trial court lacked jurisdiction to hear the matter. Unless specifically requested to assist in the matter by the district attorney, the Attorney General's role was to handle the case in the event of an *appeal*, not a Rule 60(b) motion to Set Aside Judgment.

The Attorney General argues the defendant did not properly preserve for this Court's consideration the question of whether the Attorney General had standing to bring the Rule 60(b) motion. This argument is without merit. Standing is a question of subject matter jurisdiction and as such, this Court may raise the issue on its own motion. *Union Grove Milling and Manufacturing Co. v. Faw*, 109 N.C. App. 248, 251, 426 S.E.2d 476, 478, *disc. review allowed*, 333 N.C. 578, 429 S.E.2d 577, *affirmed*, 335 N.C. 165, 436 S.E.2d 131 (1993).

Since the Attorney General was without authority to file the Rule 60(b) motion, the trial court lacked jurisdiction to hear the matter, and its judgment must be vacated. The cause is remanded for entry of an order dismissing the Attorney General's 60(b) motion.

Vacated and remanded.

Judge WYNN concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I would not vacate the judgment of the trial court on the grounds that it was without subject matter jurisdiction to adjudicate the Rule

60 motion. In my opinion, the trial court had jurisdiction. The majority's opinion is based on the holding that the Attorney General, in the filing of the Rule 60 motion, took "on the role of a party to the action." I disagree. The trial court found as a fact that the Rule 60 motion was filed by the "office of the Attorney General for the State of North Carolina, on behalf of the plaintiff," Theresa L. Sotelo. Because neither party objected to this finding of fact, this Court is bound by it. *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982). It therefore follows that the Attorney General was not a party to the action. As such, because there is no dispute that Theresa L. Sotelo had standing to file the Rule 60 motion, the trial court had subject matter jurisdiction to adjudicate the motion.

Whether the Attorney General had statutory authority to represent the plaintiff in the filing of the motion is not an issue properly before this Court, as neither the plaintiff nor defendant has raised this issue on appeal. N.C. R. App. P. 10.