**In re William J. ULMER, Jr., Debtor.**

**Bankruptcy No. 96–01885–5–ATS.**

United States Bankruptcy Court,
E.D. North Carolina,
Raleigh Division.

Aug. 20, 1997.

Gordon C. Woodruff, Smithfield, NC, for Debtor.

Elizabeth H. Fairman, Fields & Cooper, Rocky Mount, NC, for Centura Bank.

Trawick H. Stubbs, Jr., Stubbs, Paul & Perdue, P.A., New Bern, NC, Chapter 13 Trustee.

## ORDER ALLOWING AVOIDANCE
## OF JUDICIAL LIEN

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the motion filed by the chapter 13 debtor, William J. Ulmer, Jr., to avoid the judicial lien of Centura Bank pursuant to 11 U.S.C. § 522(f)(1)(A). A hearing was held by telephone conference call on July 31, 1997. The motion will be allowed.

The facts are uncomplicated and undisputed. The debtor owned residential real property located in North Carolina with his wife, Rhonda M. Ulmer, as tenants by the entirety. Centura Bank obtained and properly recorded a $4,000 judgment against Mr. Ulmer on August 25, 1995. Mr. and Mrs. Ulmer divorced on October 13, 1995, and Mr. Ulmer filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on November 5, 1996. The residential real property was sold free of all liens with the liens, including Centura's judgment lien, attaching to the proceeds of sale.

Mr. Ulmer claims a $10,000 residential homestead exemption in the proceeds of the sale pursuant to North Carolina General Statutes § 1C–1601(a)(1), and seeks to avoid Centura's judgment as impairing that exemption pursuant to 11 U.S.C. § 522(f)(1)(A). However, Centura maintains that its lien may not be avoided under § 522(f)(1)(A) as interpreted by the United States Supreme Court in *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).

11 U.S.C. § 522(f)(1)(A) provides that

Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien. . . .

11 U.S.C. § 522(f)(1)(A).

Clearly, Centura's judgment lien is a judicial lien as defined in 11 U.S.C. § 101(36), but Centura argues that its judgment lien may not be avoided because Mr. Ulmer did not have an interest in the property that preceded the fixing of the lien.

In *Farrey*, the Supreme Court observed that the statute only permits the debtor to avoid the "fixing" of a lien on the debtor's interest in property, and only in circumstances where "the debtor had the property interest to which the lien attached at some point before the lien attached to that interest." 500 U.S. at 296, 111 S.Ct. at 1829.

The court in *Farrey* carefully examined the intention of Congress in enacting § 522(f)(1) and found that the court's interpretation of § 522(f)(1) as applied to the facts in that case "accords with the provision's main purpose," 500 U.S. at 300, 111 S.Ct. at 1831, and "consists with fairness and common sense," 500 U.S. at 303, 111 S.Ct. at 1832 (Kennedy, J. and Souter, J., concurring). However, as applied to the facts in Mr. Ulmer's case, *Farrey*'s interpretation of § 522(f)(1) is inconsistent with the provision's main purpose, is not fair, and is contrary to common sense.

*Farrey* involved a divorce decree that divided marital property; the husband (the debtor) was given the marital residence and the wife was given personal property. The husband was also obligated to make payments to his wife in the future, and that obligation was secured by a lien on the real property. The husband subsequently filed for relief under chapter 7, claimed the real property as exempt, and moved to avoid the lien as a judicial lien under § 522(f)(1). The issue considered by the court was

whether § 522(f) of the Bankruptcy Code allows a debtor to avoid the fixing of a lien on a homestead, where the lien is granted to the debtor's former spouse under a divorce decree that extinguishes all previous interests the parties had in the property, and in no event secures more than the value of the nondebtor spouse's former interest.

*Farrey* at 292, 111 S.Ct. at 1827.

The court's ruling that § 522(f) cannot be used to avoid a judicial lien unless the debtor held an interest in the property before the lien attached "comports with the provision's purpose and history." *Farrey* at

297, 111 S.Ct. at 1829. The purpose of § 522(f) is to protect exemptions and to " 'undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy.' " *Farrey* at 297, 111 S.Ct. at 1829 (quoting H.R.Rep. No. 595, at 126 (1978), *reprinted in* 1978 U.S.C.C.A.N. 6087). In *Farrey* the judicial lien being avoided was not created by a creditor's traditional collection action, but rather by a division of marital property in a divorce proceeding that both created the debtor's right to the property and established his nondebtor spouse's judicial lien. In Mr. Ulmer's case, the judicial lien to be avoided is a traditional judgment lien that was not created by the same transaction that created Mr. Ulmer's property rights.

Centura Bank argues that when its judgment against Mr. Ulmer was recorded, it was not a lien on the real property because the property was owned by Mr. and Mrs. Ulmer as tenants by the entirety. According to Centura, its lien attached to the real property when Mr. and Mrs. Ulmer divorced and that prior to the divorce, Mr. Ulmer had no individual interest in the property. The court agrees with Centura that under North Carolina law, a judgment that is against one spouse does not attach to property held by both spouses as tenants by the entirety until the property is converted to another form of estate. *Union Grove Milling and Manufacturing Co. v. Faw*, 103 N.C.App. 166, 404 S.E.2d 508 (1991); JAMES A. WEBSTER, JR., PATRICK K. HETRICK, JAMES B. MCLAUGHLIN, JR., WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA § 7–16, at 210–213 (4th ed.1994). But the court disagrees that Mr. Ulmer had no interest in the property before the divorce.

While it is true that title to entirety property in North Carolina is in the husband and wife as an entity, each spouse does have an interest in the property. Each spouse has the right of survivorship, each spouse has the right to become a tenant in common upon dissolution of the marriage, and pursuant to North Carolina General Statutes § 39–13.6, each spouse has the equal right to control the use, possession, rents, income and profits of the real property. WEBSTER'S, § 7–15, at 206–210.

A judgment creditor with a claim against one spouse may not have a lien against the entirety property, but the judgment creditor does have rights with respect to the property upon dissolution of the marriage or upon the death of the judgment-debtor's spouse. If the marriage is dissolved by divorce the judgment attaches to the judgment debtor's interest in the property as a tenant in common. Upon the death of the judgment debtor's spouse, the judgment lien attaches to the judgment debtor's fee interest in the property. The court concludes that Mr. Ulmer had an ownership interest in the real property prior to the attachment of Centura's judgment lien and that Mr. Ulmer is not precluded from avoiding the lien under § 522(f)(1)(A). The court believes that the Supreme Court's holding in *Farrey*, which so carefully analyzed the purpose of § 522(f), is not inconsistent with this ruling.

In *Farrey*, the debtor's property interest was created by the divorce decree that extinguished any interest that the wife had in the property and at the same time gave her a lien on the property. In Mr. Ulmer's case the divorce changed the character of his ownership interest, but the change was consistent with his rights as a tenant by the entirety, rights that were subject to Centura's recorded judgment.

Accordingly, the debtor's motion is ALLOWED, and Centura Bank's judgment lien is avoided.

**SO ORDERED.**