FREDERICK COUNTY DSS, STATE OF MARYLAND EX REL. AMY RIDG-WAY, MOTHER v. GARY SKINNER

No. 7929DC1010

(Filed 2 September 1980)

1. Judgments § 37– summons in prior action not issued – prior action a nullity – no res judicata

There was no merit to defendant's contention that a previous action with identical parties and identical subject matter in which the court held that plaintiff did not have standing to sue was res judicata as to this action, since the court in the previous action found that a summons had not been issued; if a summons had not been issued, the action was a nullity and the court's recital that plaintiff did not have standing to sue was of no effect.

2. Parent and Child § 10– Uniform Reciprocal Enforcement of Support Act – assignment of claim – proper party to bring action

When an obligee in another state makes an assignment of her rights under the Uniform Reciprocal Enforcement of Support Act to a subdivision of that state, that subdivision is a proper party to bring an action in this state.

3. Parent and Child § 10– Uniform Reciprocal Enforcement of Support Act – issuance of summons

Statement in the record that "SUMMONS issued on 2 April 1979 showing service on Gary Skinner by leaving copies with Debbie Skinner on April 3, 1978, appears on copy in the original transcript on file with the clerk" was a sufficient showing of the service of the summons; furthermore, though a mother had assigned her claim under the Uniform Reciprocal Enforcement of Support Act to a department of social services in Maryland, a Maryland court did not have to issue a summons in order to give jurisdiction to the District Court of Henderson County. G.S. 52A-11.

APPEAL by plaintiff from *Guice, Judge.* Judgment entered 6 August 1979 in District Court, HENDERSON County. Heard in the Court of Appeals 18 April 1980.

This is an action under G.S. Chapter 52A, the Uniform Reciprocal Enforcement of Support Act. The same plaintiff instituted an action in February 1978 against the defendant for support of the same child. On 24 April 1978 the action was dismissed by order of Judge Gash. The order recited that a summons had not been issued and the plaintiff did not have standing to bring the action. No appeal was taken from this order. Amy Ridgway then commenced an action which was dismissed by Judge Gash on the ground she had assigned her claim to the Frederick County, Maryland Department of Social Services and she did not have standing to bring the action. No appeal was taken from this order. On 22 March 1979 the case sub judice was filed. It was dismissed on 6 August 1979. The court in its order gave no reasons for the dismissal. Plaintiff appealed.

*Attorney General Edmisten, by Assistant Attorney General Henry H. Burgwyn, for plaintiff appellant.*

*Prince, Youngblood, Massagee and Creekman, by Boyd B. Massagee, Jr. and James E. Creekman, for defendant appellee.*

WEBB, Judge.

[1] The defendant argues that in a previous case with identical parties and identical subject matter, the court held the plaintiff did not have standing to sue. No appeal was taken in that case and the defendant contends the question of the plaintiff's standing is res judicata. *See Shaw v. Eaves,* 262 N.C. 656, 138 S.E. 2d 520 (1964). The difficulty with this argument is that the plaintiff's standing could not have been determined in the previous case. In that case the court found a summons had not been issued. If a summons had not been issued, the action was a nullity and the court's recital that plaintiff did not have standing was of no effect.

[2] The appellee also contends that the Frederick County, Maryland Department of Social Services does not have standing to bring this action. He bases this argument on the language of G.S. 52A-8.1 which provides in part:

> Whenever a county of this State furnishes support to an obligee, it has the same right to invoke the provisions hereof as the obligee to whom the support was furnished . . . .

The original Section 8 of the Uniform Act provides as follows:

> If a state or a political subdivision furnished support to an individual obligee it has the same right to initiate a proceeding under this Act as the individual obligee . . . .

The appellee argues that the General Assembly, by changing the words of the Act when it was adopted in this state, intended to prohibit a governmental entity other than a "county of this State" from bringing an action in this state. We do not believe we should so interpret the statute. In the case sub judice, Amy Ridgway has made an assignment of her claim to the Frederick County DSS. The statute allows a county of this state to bring an action if it has furnished support without an assignment. We hold that when an obligee in another state makes an assignment of her rights under the Uniform Reciprocal Enforcement of Support Act to a subdivision of that state, that subdivision is a proper party to bring an action in this state. We believe, from reading the whole Act, that it should be given a liberal interpretation to carry out its purposes.

[3] The defendant next contends that the record does not show that a summons was served on the defendant. Page One of the record contains the following statement:

> "SUMMONS issued on 2 April 1979 showing service on Gary Skinner by leaving copies with Debbie Skinner on April 3, 1979, appears on copy in the original transcript on file with the clerk."

We hold this is a sufficient showing of the service of the summons.

The defendant also contends that it was proper to dismiss the action because no summons was issued in Maryland. The defendant cites the Maryland Rules of Procedure to the effect that a summons must be issued in any action and argues that the action was not properly instituted in Maryland. We believe that on this procedural question, we should be governed by the law of the forum. G.S. 52A-11 does not require the initiating court to issue a summons. We hold that the Maryland Court did not have to issue a summons in order to give jurisdiction to the District Court of Henderson County.

For the reasons stated in this opinion, we hold the District Court of Henderson County committed error by dismissing this action. We reverse and remand for further proceedings in accordance with this opinion.

Reversed and remanded.

Judges MARTIN (Robert M.) and HILL concur.