BRENDA GAY GRIMES v. JOHN HENRY GRIMES

No. 8525DC770

(Filed 3 December 1985)

1. Divorce and Alimony § 22— appeal of Uniform Reciprocal Enforcement of Support Act award—service of brief

It was noted in an action pursuant to the Uniform Reciprocal Enforcement of Support Act that the Attorney General is the attorney of record for the petitioner obligee for purposes of appeal, but the better practice in such cases would be for the appellant's brief to be served upon both the Attorney General and the district attorney, who is required to represent the plaintiff at the trial later. N.C.G.S. 52A-10.1 (1984).

**2. Divorce and Alimony § 24.9— Uniform Reciprocal Enforcement of Support Act —children's needs and parties' ability to pay—findings insufficient**

    The trial court's findings were not sufficient in an action under the Uniform Reciprocal Enforcement of Support Act where the court did not make the necessary findings of fact and conclusions of law regarding the needs of the child and the ability of the parties to provide that amount. N.C.G.S. 50-13.4(c) (1984), N.C.G.S. 52A-19.

APPEAL by defendant from *Green (Daniel R., Jr.), Judge.* Judgment entered 20 February 1985 in CALDWELL County District Court. Heard in the Court of Appeals 7 November 1985.

Plaintiff, a resident of the State of Idaho, initiated this action in Caldwell County pursuant to the Uniform Reciprocal Enforcement of Support Act, N.C. Gen. Stat. §§ 52A-1 *et seq.* (1984). Following a hearing, the trial court entered an order requiring defendant to pay the sum of $650.00 per month for the support of his three minor children.

*No brief for plaintiff appellee.*

*Wilson and Palmer, P.A., by W. C. Palmer, for defendant appellant.*

WELLS, Judge.

[1] We first note the absence of counsel for plaintiff in this appeal. N.C. Gen. Stat. § 52A-10.1 (1984) requires that the District Attorney represent plaintiff in the proceedings at the trial court level and apparently the Assistant District Attorney was present at the time of the hearing in this case. The statute also requires that the Attorney General represent plaintiff in this appeal. Appellant's brief was served on the Assistant District Attorney, but not upon the Attorney General. Our interpretation of the statute is that the Attorney General is the attorney of record for the petitioner obligee for purposes of appeal, but we suggest that the better practice in such cases would be for the appellant's brief to be served upon *both* the District Attorney and the Attorney General.

[2] Turning to the merits, defendant contends that the trial court's findings and conclusions do not support its judgment. We agree and reverse and remand.

Grimes v. Grimes

The entire order of the trial court is as follows:

This is an action for the support of the dependents of the defendant, commenced in the state listed below and forwarded to this court for appropriate action under the Uniform Reciprocal Enforcement of Support Act. The record shows that Summons and Notice of Motion for Support Pendente Lite were issued by the clerk and served on the defendant more than five (5) days prior to this date.

The Court finds, from the documents filed by the plaintiff and from the evidence presented in Court, that the defendant owes a duty of support to the person named in the complaint, and further, that the defendant is able-bodied and has sufficient earning capacity or estate to enable him to support his dependents.

Upon motion of the prosecuting attorney, it is ORDERED that the defendant pay to the Clerk of Superior Court the sum listed below beginning on the date stated and continuing until further order of this Court. The sums are to be disbursed by said Clerk to the Court of the State in which this action was commenced.

It is further ORDERED that the defendant pay the costs of this Court.

State in which action commenced: Canyon County, Idaho

Date payments to commence: March 1, 1985

Amount of support to be paid: $650.00 per month

Date: February 20, 1985
Signature of Presiding Judge
s/DANIEL R. GREEN, JR.

INSTRUCTION TO DEFENDANT

All payments under this Order when paid by money order or official bank check must be payable to the Clerk of Superior Court, and must be made on or before the date due. Any delinquency in payment will constitute grounds to issue an order to show cause for Contempt of Court.

Through *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980) and its progeny, our appellate courts have time after time instructed the trial courts as to the requirement that child support orders under N.C. Gen. Stat. § 50-13.4(c) (1984) must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to meet the reasonable needs of the child and (2) the relative ability of the parties to provide that amount; and that these conclusions must themselves be based upon factual findings specific enough to indicate to the appellate court that the trial judge took due regard of the particular estates, earnings, conditions, and accustomed standards of living of the child and the parents.

In actions initiated under the Uniform Reciprocal Enforcement of Support Act, G.S. 52A-19 provides, in pertinent part, as follows:

> G.S. 52A-19. Rules of evidence. In any hearing under this law wherein the defendant has been served with notice and summons . . ., the verified complaint of the plaintiff shall be admissible as prima facie evidence of the facts therein stated . . . .

In her verified complaint in this action, plaintiff alleged that her monthly expenditures for the support of the parties' three minor children totaled $778.00. She also alleged that in his usual occupation as a plant manager, defendant earned $3800.00 per month, while plaintiff, in her occupation as a bookkeeper, earned $599.00 per month. While this evidence established *prima facie* that the reasonable needs of the parties' children were in the amount of $778.00 per month and that defendant had the relative ability to pay $650.00 per month support for his children, it remains for the trial court to make the necessary findings of fact and the conclusions of law.

Upon remand, we note for the benefit of the District Attorney our suggestions with respect to representation set out in *Thelen v. Thelen*, 53 N.C. App. 684, 281 S.E. 2d 737 (1981).

Reversed and remanded.

Chief Judge HEDRICK and Judge EAGLES concur.