LORIS M. PIEPER, Petitioner v. GARY L. PIEPER, Respondent

No. 303PA88

(Filed 8 December 1988)

**Parent and Child § 10— URESA—obligor in N. C.—support imposable under N. C. law**

Only duties of support imposable under North Carolina law could be enforced through our URESA against respondent obligor where respondent's presence in North Carolina during the time for which support was sought was established by statutory presumption and by an uncontested finding in the trial court's order of dismissal. N.C.G.S. § 52A-8.

ON discretionary review of a decision of the Court of Appeals, 90 N.C. App. 405, 368 S.E. 2d 422 (1988), affirming judgment of *Johnston, J.*, entered 29 July 1987 in District Court, MECKLEN-BURG County, dismissing petitioner's action brought under the Uniform Reciprocal Enforcement of Support Act, N.C.G.S. § 52A-1, *et seq.* Heard in the Supreme Court on 14 November 1988.

*Lacy H. Thornburg, Attorney General, by T. Byron Smith, Assistant Attorney General, for petitioner appellant.*

*Petree Stockton & Robinson, by David B. Hamilton and Peter E. Lane, for respondent appellee.*

PER CURIAM.

We affirm the result reached by the Court of Appeals but conclude that its supporting reasoning is overly broad. The Court of Appeals reasoned that since the out-of-state (Iowa) enforcement order could not have been rendered in North Carolina it cannot be enforced here under our Uniform Reciprocal Enforcement of Support Act (URESA). The Court of Appeals said, "Only support decrees that could have been rendered under the laws of our State can be enforced via URESA in North Carolina." 90 N.C. App. at 407, 368 S.E. 2d at 424.

North Carolina's version of URESA provides in part:

> Duties of support applicable under this Chapter are those imposed or imposable under the laws of any state where the obligor was present during the period or any part of the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

N.C.G.S. § 52A-8. Under this statute it is the law of the "state where the obligor was present during the period or any part of the period for which support is sought" that controls what duties of support may be enforced in North Carolina. The statute further establishes a presumption that the obligor was present in the responding state.

In this case petitioner made no allegation or contention at trial regarding respondent obligor's presence during the legally

material times provided for in the statute. The presumption that he was present in North Carolina during these times thus prevails. Further, there is an uncontested finding in the trial court's order of dismissal that respondent obligor "has been a resident of North Carolina since 1975." This period of time covers the legally material times provided for in the statute. It is for this reason that only duties of support imposable under North Carolina law may be enforced through our URESA against this respondent obligor. For this reason the decision of the Court of Appeals is

Affirmed.