WILMA LANG, Plaintiff-Appellee v. MANFRED LANG, Defendant-Appellant

KARIN LANG, Plaintiff-Appellee v. MANFRED LANG, Defendant-Appellant

No. COA96-456

(Filed 4 March 1997)

1. **Divorce and Separation § 566 (NCI4th)— foreign agreement—registration—twenty days—statement of grounds for objection—not required**

Defendant timely objected to the registration of a German domestic support agreement where he was served with a notice of registration on 2 July 1992, filed a motion to vacate on 10 July, and filed an amended motion to vacate on 24 July in which he first argued that the settlement agreement was not an order of the court. N.C.G.S. § 52A-30 does not require an obligor to state his or her grounds for objecting to the registration of a support order.

**Am Jur 2d, Desertion and Nonsupport §§ 148, 149.**

2. **Divorce and Separation § 566 (NCI4th)— German settlement agreement—registration—URESA order of support**

The trial court did not err by allowing the registration of a German divorce decree and settlement agreement under N.C.G.S. § 52A-26 where defendant contended that the agreement was not a "judgment, decree, or order of support" as contemplated by URESA, but there is evidence in the record to support the trial court's determination that the agreement was an order of support. The record contained a certificate from a German court, which found that the claims in the domestic court decision were meritorious, and a letter in which a German Federal Prosecutor requested that North Carolina's Attorney General take measures against defendant for the recovery of arrearage, with plaintiffs' approved request for registration of a support order made in Germany, the partes divorce decree, and their settlement agreement attached. The record clearly showed that German authorities considered the settlement agreement to be an order of support.

**Am Jur 2d, Desertion and Nonsupport §§ 148, 149.**

**3. Divorce and Separation § 566 (NCI4th)— German support agreement—registration—enforcement issues not raised**

Issues regarding enforcement of a German support order, which defendant contended would be more appropriately addressed by the German courts, were not addressed by the Court of Appeals where plaintiffs had registered the order but had not sought enforcement.

**Am Jur 2d, Desertion and Nonsupport §§ 148, 149.**

Appeal by defendant from order entered 17 August 1995 by Judge Mark E. Powell in Henderson County District Court. Heard in the Court of Appeals 13 January 1997.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Michelle Rippon and Stephen B. Williamson, for defendant.*

*Philip T. Jackson, Frank B. Jackson and Charles R. Burrell for plaintiffs.*

WYNN, Judge.

Plaintiff Wilma Lang and defendant Manfred Lang, both citizens of the Federal Republic of Germany, dissolved their marriage in Germany in April 1974 and entered into an agreement regarding child custody and support, alimony, and the division of property. Prior to the divorce hearing, Wilma Lang's attorney moved that the settlement agreement be entered into the court record. In his chambers, the German judge read the agreement, the parties then signed it, and thereafter, the settlement agreement was "included as an annex to the court record."

In June 1992, Wilma Lang registered the divorce decree and the settlement agreement in North Carolina as a "support order" pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act ("URESA"). Defendant objected to the registration on the grounds that the settlement agreement was not an order of the German court; however, a hearing was never held. In August 1994, plaintiff Karin Lang, defendant's' daughter, registered in North Carolina the same divorce decree and settlement agreement. Defendant objected again to the documents' registration. In August 1995, the district court entered an order which confirmed the registration of the settlement agreement as a support order in both cases from which defendant now appeals.

LANG v. LANG

[125 N.C. App. 573 (1997)]

The issues on appeal are: (I) Whether the defendant timely objected to the registration of the alleged support order; (II) Whether the settlement agreement may be registered in North Carolina under URESA; and (III) Whether this action raises issues of enforcement that should be addressed by a German court. We address defendant's appeal and find that the agreement was properly registered in North Carolina raising no issues of enforcement.

I.

[1] Prior to considering the merits of defendant's appeal, we first determine whether he timely objected to the registration of the "support agreement." Although Wilma Lang and Karin Lang registered the documents separately, we treat their actions as one since the plaintiffs seek to register the same agreement.

N.C. Gen. Stat. § 52A-30(b) (1992) provides that:

The obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed.

The record shows that Wilma Lang served defendant with a "Notice of Registration" on 2 July 1992 and defendant filed a "Motion to Vacate" on 10 July 1992. On 24 July 1992, defendant filed an "Amended Motion to Vacate," in which he first argued the settlement agreement was not an order of the court.

Plaintiffs contend that since defendant did not raise this particular defense until after the 20 day time limit, he waived his right to object to registration based on that issue. We disagree because N.C.G.S. § 52A-30 does not require an obligor to state his or her grounds for objecting to the registration of a support order. Nor is there any case law indicating that it is so required. All that an obligor must do is petition the court to vacate the registration within twenty days after he receives notice of it. Since defendant did exactly that, we will address his appeal.

II.

[2] Defendant primarily contends the district court erred by allowing registration because the German court that granted his divorce did not incorporate the settlement agreement into the divorce decree and therefore, the agreement is not a "judgment, decree, or order of support" as contemplated by URESA. We disagree.

Plaintiffs registered the German divorce decree and the settlement agreement under N.C. Gen. Stat. § 52A-26 (1992), which provides that an obligee may register a foreign support order in a court of this State; "[u]pon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this State." N.C.G.S. § 52A-30(a). N.C. Gen. Stat. § 52A-3(14) (1992) defines a support order as "any judgment, decree, or order of support in favor of an obligee whether temporary or final, or subject to modification, revocation, or remission, regardless of the kind of action or proceeding in which it is entered."

In its order confirming the registration of the settlement agreement as a support order, the district court noted that the last page of the document states, "Executed and issued to the Plaintiff for the purpose of forcible execution." The parties stipulate that this passage was added pursuant to Section 794 Paragraph 1 of the German Code of Civil Procedure, which states that "forcible execution" can be undertaken:

> On the basis of settlements which are entered between the parties . . . for the purpose of resolving a legal dispute . . . before a German court or before a settlement board established and recognized by the state judicial administration, in addition to settlements which have been included by the judge on the court record pursuant to Section 118 para. 1 sent. 4 or Section 492 para. 3 hereof.

The district court found that the inclusion of this provision in the settlement agreement shows that the agreement was made part of a court order.

Moreover, the district court's decision was based in large part on the affidavit of Jon Faylor, plaintiffs' counsel in Germany. In so doing, the court acknowledged that Mr. Faylor was not a disinterested party, but nevertheless relied on his opinion on the grounds that Mr. Faylor is an expert in German law.

In his affidavit, Mr. Faylor stated that since the agreement was executed pursuant to Section 794, it "constitutes an enforceable court settlement having the quality of an enforceable court order." Defendant disagrees with Mr. Faylor's interpretation of Section 794. He notes that the statute does not explicitly state that a settlement agreement executed pursuant to its provisions has the quality of a court order. Defendant also points to several instances in which he

and his ex-wife treated the separation agreement as a contract. Nevertheless, we find that there is evidence in the record to support the trial court's determination that the settlement agreement was an order of support.

Section 6 of Germany's Foreign Maintenance Act holds that "[w]here an *order* . . . regarding the maintenance claim has already been made or issued by a domestic court, the person entitled to maintenance may . . . request registration of the order abroad." (Emphasis added). This request is made to a German local court, who then determines whether the maintenance claim in the order offers a reasonable prospect of success under German law. If the court so finds, the support order is transferred to the Federal Prosecutor General at the Federal Court of Justice, who then forwards it to the receiving agency designated abroad.

In the instant case, plaintiffs requested that the divorce decree and the settlement agreement be registered abroad as "a domestic court decision." The record contains a certificate from a local court that found that the claims in the "domestic Court decision" were meritorious. The record also includes a letter dated 12 February 1992, in which the German Federal Prosecutor asked North Carolina's Attorney General to take measures against defendant for the recovery of arrearage. Attached to the letter were plaintiffs' approved request for registration of a support order that was made in Germany, the Langs' divorce decree and their settlement agreement. Thus, the record clearly shows that the German authorities considered the parties' settlement agreement to be an order of support.

III.

[3] Finally, defendant contends that plaintiffs' claim raises issues of enforcement that would be more appropriately addressed by the German courts. However, we choose not to address this argument because the mere registration of the support order implicates no issues of German law.

This Court has stated that the provisions of N.C. Gen. Stat. § 52A-29 and § 52A-30 create a two-step procedure: (1) registration of the order, and if required, a hearing on whether to vacate the registration; and (2) enforcement of the order. *Pinner v. Pinner*, 33 N.C. App. 204, 206, 234 S.E.2d 633, 635 (1977). "Under G.S. 52A-29, the obligee has the option to merely register the order or to register and enforce simultaneously." *Id.*

In the instant case, plaintiffs chose only to have the order registered and have at the present not sought to enforce the order. Thus, the only issue on appeal is the registration of the support order.

Accordingly, we affirm the district court's decision to register the settlement agreement as a support order pursuant to N.C.G.S. § 52A-29.

Affirmed.

Chief Judge ARNOLD and Judge COZORT concur.