LANG v. LANG

[132 N.C. App. 580 (1999)]

---

WILMA LANG v. MANFRED LANG

KARIN LANG v. MANFRED LANG

No. COA98-466

(Filed 16 March 1999)

**Appeal and Error— appealability—foreign support order—registration—order refusing to compel discovery**

The trial court's order denying a motion by plaintiffs, a mother and daughter, to compel discovery by defendant father after registration of a foreign support order was interlocutory and not immediately appealable where plaintiffs had sought only to register the support order, not to enforce it, and plaintiffs' rights will be adequately protected by an appeal from the final judgment

should they file motions in the underlying causes to enforce the existing support order.

Appeal by plaintiffs from an order entered 26 November 1997 by Judge Robert S. Cilley in Henderson County District Court. Heard in the Court of Appeals 17 February 1999.

*Jackson & Jackson, by Phillip T. Jackson, for plaintiffs-appellants.*

*Don H. Elkins for defendant-appellee.*

HUNTER, Judge.

Briefly summarized, the record indicates that Wilma and Manfred Lang were married in Germany in 1962 and had a daughter, Karin, in 1969. The couple divorced in 1974 and entered into an agreement regarding child custody and support, alimony and the division of marital property.

In June of 1992 and August of 1994, the wife and daughter, respectively, filed Petition and Notice of Registration of Foreign Support Orders in Henderson County, North Carolina where Manfred Lang (defendant) resided. Although defendant objected to both registrations, the court entered an order in August 1995 confirming each. Defendant appealed and this Court affirmed the lower court's decision in *Lang v. Lang*, 125 N.C. App. 573, 481 S.E.2d 380 (1997).

On 15 October 1997, plaintiffs served defendant with discovery requests and defendant filed "Objections to Discovery and Motion for Protective Order." In his motion, defendant argued that "there is no pending action whatsoever that has been filed by plaintiffs against your defendant to enforce said registered Foreign Support Order pursuant to N.C.G.S. 52A-29 and N.C.G.S. 52A-30." Plaintiffs moved to compel and a hearing was scheduled. The court, in its order dated 26 November 1997, denied plaintiffs' motion to compel defendant to respond to discovery stating, in pertinent part:

2. . . . Enforcement proceedings are, however, distinguishable from registration proceedings, and this court finds nothing in the statute to exempt such an enforcement proceeding from the requirement that some sort of pleadings be filed, and a summons issued, giving the defendant the opportunity to plead in response.

3.  Until an action is commenced as provided by the Rules of Civil Procedure, in such a way as to give the court personal jurisdiction over the defendant, the court lacks the authority to compel the defendant to provide discovery. The registration process neither requires nor results in personal jurisdiction.

Plaintiffs appealed from this ruling.

The particular issue before us is whether the trial court's order is immediately appealable. We conclude that it is not and dismiss the appeal.

"An interlocutory decree is immediately appealable only if permitted by N.C. Gen. Stat. § 1-277 (1996), N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990), or N.C. Gen. Stat. § 7A-27(d) (1995)." *Hunter v. Hunter,* 126 N.C. App. 705, 707, 486 S.E.2d 244, 245 (1997). "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." *Id.* at 708, 486 S.E.2d at 245-46 (citation omitted). In keeping with this policy of discouraging fragmentary appeals, we conclude that the present order does not affect a substantial right or finally determine the action. Plaintiffs' rights will be adequately protected by an appeal timely taken, if necessary, from the final judgment following proper enforcement actions filed in the action.

To that end, we note that the Uniform Reciprocal Enforcement of Support Act (URESA) in Chapter 52A of the North Carolina General Statutes (repealed in 1995 and replaced by Chapter 52C) established a two-step procedure concerning foreign support orders in North Carolina: "(1) registration of the order, and if required, a hearing on whether to vacate the registration or grant the 'obligor' other relief; and (2) enforcement of the order. Under G.S. 52A-29, the obligee has the option to merely register the order or to register and enforce simultaneously." *Pinner v. Pinner,* 33 N.C. App. 204, 206, 234 S.E.2d 633, 635 (1977). "Personal jurisdiction is not a requisite for registration of an order under G.S. 52A-29." *Stevens v. Stevens,* 68 N.C. App. 234, 236, 314 S.E.2d 786, 788, *disc. review denied,* 312 N.C. 89, 321 S.E.2d 908 (1984). Furthermore, "[r]egistration does not prejudice any rights of the obligor; it merely changes the status of the foreign support order by allowing it to be treated the same as a support order issued by a court of North Carolina." *Pinner,* 33 N.C. App. at 207, 234 S.E.2d at 636. "Once the order is so treated the obligee or the obligor may request modifications in the order, and when the obligee

LANG v. LANG

[132 N.C. App. 580 (1999)]

attempts to enforce the order, the court must determine whether jurisdiction exists over the person or property of the obligor and what amount, if any, is in arrears." *Id.* "In effect, URESA is an extension of the court of original jurisdiction for the purpose of enforcement of judgments lawfully rendered." *Stevens*, 68 N.C. App. at 237, 314 S.E.2d at 788.

In the present case, plaintiffs sought only to register the support order, not to enforce it. To do so, plaintiffs need merely file a motion in the underlying causes to enforce the existing judgment. "Since the statute is directed toward the enforcement of an existing judgment, no new suit need be commenced . . . . *Id.*

Appeal dismissed.

Judges MARTIN and TIMMONS-GOODSON concur.