BRIGITTE HAKER-VOLKENING, PETITIONER v. WERNER ANDREAS HAKER, RESPONDENT

No. COA00-598

(Filed 5 June 2001)

**1. Divorce— foreign support order—UIFSA—not an interlocutory order**

Although petitioner contends respondent's appeal from an order registering and enforcing a Swiss support order pursuant to the Uniform Interstate Family Support Act (UIFSA) should be dismissed as interlocutory, this argument is without merit because: (1) respondent requested a hearing within 20 days of notice of registration under UIFSA, a hearing was held, and respondent's

contest was unsuccessful, N.C.G.S. § 52C-6-608; and (2) pursuant to UIFSA, the result of the hearing was confirmation of the original order which served both as registration and enforcement of the Swiss order, N.C.G.S. § 52C-6-607(c).

**2. Divorce— foreign support order—UIFSA—posting of bond not required**

Although petitioner contends respondent's appeal from an order registering and enforcing a Swiss support order pursuant to the Uniform Interstate Family Support Act (UIFSA) should be stayed until such time as the trial court enters an order directing respondent to make support payments and respondent posts a bond in the amount of such payment under N.C.G.S. § 1-289, this argument is without merit because N.C.G.S. § 1-289 does not require respondent to post a bond, but instead gives him the option to stay the execution of a judgment by posting bond.

**3. Divorce— foreign support order—UIFSA—definition of "state"**

The trial court erred by registering a Swiss support order under the Uniform Interstate Family Support Act (UIFSA), because: (1) only judgments or orders of "another state" may be registered under UIFSA, N.C.G.S. § 52C-3-301(3); and (2) Switzerland does not constitute a "state" pursuant to the definition provided in UIFSA since the record fails to establish that Switzerland has substantially similar law or procedures to UIFSA.

**4. Divorce— foreign support order—UIFSA—comity**

Although petitioner contends a Swiss support order should be enforced as a matter of comity even though Switzerland is not a "state" under the Uniform Interstate Family Support Act (UIFSA), the issue of comity is not properly before the Court of Appeals since petitioner did not file a civil complaint seeking enforcement.

Appeal by respondent from order entered 27 March 2000 by Judge Robert S. Cilley in Transylvania County District Court. Heard in the Court of Appeals 28 March 2001.

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Dale A. Curriden, for petitioner-appellee.*

*James M. Kimzey, for respondent-appellant.*

HUDSON, Judge.

The background facts here are not in dispute. Brigitte Haker-Volkening (petitioner) and Werner Andreas Haker (respondent) were married in 1967 and lived in Switzerland at that time. In 1984, respondent commenced a civil action in the Zuerich District Court seeking divorce. On 29 April 1985, petitioner and respondent entered into a voluntary agreement regarding alimony payments, distribution of property, and custody, visitation and support in relation to their two minor children. On 7 May 1985, the Zuerich District Court entered an order (the Swiss order) granting the divorce, determining custody of the two minor children, ordering visitation, requiring respondent to pay child support, and expressly approving the 29 April 1985 document embodying the agreement between the parties. Respondent complied with the alimony provisions of the 29 April 1985 agreement through 1994, at which time he relocated to North Carolina.

On 10 June 1998, petitioner filed a petition in the district court of Transylvania County, North Carolina, seeking to have the Swiss order registered and enforced in North Carolina pursuant to the Uniform Interstate Family Support Act (UIFSA), N.C.G.S. §§ 52C-1-100 to -9-902 (1999). On 10 June 1998, the Clerk of Superior Court for Transylvania County filed a "Notice of Registration of Order," notifying respondent that the Swiss order had been registered in Transylvania County pursuant to N.C.G.S. § 52C-6-602 (1999). This registration order provides that respondent was, as of 22 May 1998, in arrears of 57'074 in Swiss Francs. On 22 June 1998, respondent filed a motion challenging the validity and enforcement of the registration. Following a hearing, the trial court entered an order on 27 March 2000, holding the Swiss order registered and enforced under UIFSA. Respondent appeals from this order.

**[1]** We first address petitioner's motion to dismiss this appeal. Petitioner contends the appeal should be dismissed because it is interlocutory. In the alternative, petitioner contends this Court should stay the appeal until such time as the trial court enters an order directing respondent to make support payments and respondent posts a bond in the amount of such payments pursuant to N.C.G.S. § 1-289 (1999). Both arguments are without merit.

UIFSA, which became effective 1 January 1996, replaced former Chapter 52A of the General Statutes, the Uniform Reciprocal Enforcement of Support Act (URESA). The statutory schemes set forth in the two acts are significantly different. URESA provided for a

two-step procedure concerning foreign support orders in North Carolina: (1) registration of the order (and, if required, a hearing on whether to vacate the registration or grant the respondent other relief); and (2) enforcement of the order. *See Lang v. Lang*, 132 N.C. App. 580, 582, 512 S.E.2d 788, 790 (1999). URESA provided that a petitioner could seek to accomplish both of these steps simultaneously, or, in the alternative, seek first to register the order, and then seek to enforce the order separately at a later date. *Id.* In *Lang*, we explained the significant differences between the registration of a foreign support order and the enforcement of a foreign support order under URESA:

> "Personal jurisdiction is not a requisite for registration of an order under [URESA]." Furthermore, "[r]egistration does not prejudice any rights of the obligor; it merely changes the status of the foreign support order by allowing it to be treated the same as a support order issued by a court of North Carolina." "Once the order is so treated the obligee or the obligor may request modifications in the order, and when the obligee attempts to enforce the order, the court must determine whether jurisdiction exists over the person or property of the obligor and what amount, if any, is in arrears."

*Id.* at 582-83, 512 S.E.2d at 790 (citations omitted). For these reasons, we held that where a petitioner had successfully registered a foreign support order, but had not yet sought enforcement of the order, the registration alone did not finally determine the action and did not affect a substantial right of the respondent. Therefore, the respondent's appeal of the registration order was held to be interlocutory and not immediately appealable.

However, under UIFSA, the filing of a foreign support order by definition achieves both registration and enforcement of the order. *See* N.C.G.S. § 52C-6-603 (1999). As explained in the UIFSA Official Comments:

> The common practice under RURESA was to initiate a new suit for the establishment of a support order, even though there was an existing order . . . . That practice is specifically rejected by UIFSA. . . .
>
> Under the one-order system of UIFSA, only one existing order is to be enforced prospectively . . . . Rather than being an optional procedure, as was the case under RURESA, registration

for enforcement under UIFSA is the primary method for interstate enforcement of child support. . . .

Registration should be employed if the purpose is enforcement. Although registration not accompanied by a request for affirmative relief is not prohibited, the Act does not contemplate registration as serving a purpose in itself.

Official Comment, N.C.G.S. § 52C-6-601 (1999) ("Registration of order for enforcement.").

Once a foreign support order is registered for enforcement, a respondent's only remedy is to request a hearing to contest the validity or enforcement of the registered order, which request must be made within 20 days after notice of registration. *See* N.C.G.S. § 52C-6-606 (1999). The final step in the UIFSA scheme is "confirmation," which can only occur in two ways. Confirmation occurs where a respondent contests a registered order within 20 days, a hearing is held, and respondent's contest is unsuccessful. *See* N.C.G.S. § 52C-6-608 (1999). Otherwise, confirmation occurs by operation of law where a respondent fails to contest a registered order within 20 days. *See* G.S. § 52C-6-606(b).

Here, petitioner registered the Swiss order for enforcement under UIFSA. Respondent requested a hearing within 20 days of notice of registration, a hearing was held, and respondent's contest was unsuccessful. Pursuant to UIFSA, the result of the hearing, therefore, was confirmation of the original order which served both as registration and enforcement of the Swiss order. *See* N.C.G.S. § 52C-6-607(c) (1999) (trial court only has authority to "issue an order confirming the order"). The original order directs respondent to pay to petitioner the support payments contained in the foreign support order, including arrears of 57'074 in Swiss Francs as of 22 May 1998. Unlike the situation in *Lang*, the order from which respondent here appeals is both a registration and enforcement order. Therefore, respondent's appeal is not interlocutory.

[2] In response to petitioner's alternative argument for dismissal of this appeal, we note that G.S. § 1-289 does not require an appellant to post a bond. Rather, that statute gives an appellant the option to stay the execution of a judgment by posting a bond. The only result of the fact that respondent has not posted a bond is that there has been no stay of the execution of the registration order directing respondent to pay support in accordance with the Swiss order. However, the failure to post a bond, contrary to petitioner's contention, does not require

that this Court stay the appeal. Petitioner's motion to dismiss is therefore without merit and is denied.

**[3]** Turning to the substance of this appeal, respondent contends the trial court erred in denying his contest of the validity and enforcement of the registered order. Respondent offers a number of arguments in support of this contention. First, respondent argues that this matter does not fall within the purview of UIFSA because Switzerland does not constitute a "state" pursuant to the definition provided in UIFSA. Because we agree, and conclude that the trial court did not have the authority to register the Swiss order, we need not reach respondent's other arguments.

We first note that respondent contends that the issue of whether Switzerland constitutes a "state" under UIFSA is an issue of subject matter jurisdiction. However, a court's authority to act pursuant to a statute, although related, is different from its subject matter jurisdiction. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. *See* 1 Restatement (Second) of Judgments § 11, at 108 (1982). This power of a court to hear and determine (subject matter jurisdiction) is not to be confused with the way in which that power may be exercised in order to comply with the terms of a statute (authority to act). *See Amodio v. Amodio*, 247 Conn. 724, 727-28, 724 A.2d 1084, 1086 (1999). Here, UIFSA provides that the district courts of North Carolina are authorized to hear matters falling under UIFSA. *See* N.C.G.S. § 52C-1-102 (1999). Thus, there is no question that the Transylvania County District Court had subject matter jurisdiction to hear petitioner's petition for registration pursuant to UIFSA, and to hear respondent's contest of that registration.

However, only judgments or orders of "another state" may be registered under UIFSA. *See* N.C.G.S. § 52C-3-301(3) (1999). UIFSA defines a "state" as including any "foreign jurisdiction that has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under this Act." N.C.G.S. § 52C-1-101(19) (1999). In other words, UIFSA requires that "a foreign nation must have substantially similar law or procedures to . . . UIFSA . . . (that is, reciprocity) in order for its support orders to be treated as if they had been issued by a sister State." Official Comment, G.S. § 52C-1-101(19). Thus, if Switzerland is not a "state" under UIFSA, then the district courts of North Carolina do not have statutory authority to register an alimony or child support order from Switzerland under UIFSA.

"UIFSA does not specify who is responsible for determining whether a foreign country is entitled to reciprocity based on its adoption of laws or procedures that are 'substantially similar' to . . . UIFSA." John L. Saxon, *International Establishment and Enforcement of Family Support*, 10 Family Law Bulletin 1, 10 n.5 (1999). Even assuming that it may be the proper role of this Court to make such determinations, "there is very little precedent for how a trial court should make the determination of what constitutes 'substantially similar law or procedures.'" *Country of Luxembourg v. Canderas*, 338 N.J.Super. 192, 197, 768 A.2d 283, 286 (2000) (citing *Selected Topics in International Law for the Family Practitioner: International Child Support-1999*, 32 Fam. L.Q. 525, 550 (1998)).

The record here includes the order entered by the Zuerich District Court. It also includes a document entitled "Federal Act on Private International Law," which is apparently a copy of certain Swiss laws regarding the general enforcement of foreign judgments. The record contains no evidence that Switzerland has enacted a *law* for the issuance and enforcement of support orders that is "substantially similar to the procedures under [UIFSA]." Furthermore, although the Swiss order itself is arguably some evidence that legal *procedures* have been established in Switzerland for the issuance and enforcement of support orders, there is no evidence in the record documenting that such procedures are "substantially similar to the procedures under [UIFSA]." Thus, we must conclude that the record fails to establish that Switzerland is a "state" as that term is defined by UIFSA, and that the trial court was therefore without statutory authority to register the Swiss order pursuant to UIFSA.

[4] We note that petitioner argues in her brief that even if Switzerland is not a "state" under UIFSA, the Swiss order should still be enforced as a matter of comity. Comity has been defined as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens." *Southern v. Southern*, 43 N.C. App. 159, 161-62, 258 S.E.2d 422, 424 (1979) (quoting *Hilton v. Guyot*, 159 U.S. 113, 164, 40 L. Ed. 95, 108 (1895)). Under the doctrine of comity, North Carolina courts may choose to enforce foreign support orders issued by courts in foreign jurisdictions provided the foreign court had jurisdiction over the cause and the parties. *Id.* at 162, 258 S.E.2d at 424. We do not disagree with petitioner that the Swiss order may be enforceable in North Carolina as a matter of comity, and our holding does not preclude

petitioner from seeking enforcement of the Swiss order via a civil complaint seeking enforcement. However, petitioner did not file a civil complaint seeking enforcement, she filed a petition for registration of the Swiss order pursuant to UIFSA. Accordingly, the issue of comity is not properly before us. *See Pieper v. Pieper*, 90 N.C. App. 405, 407, 368 S.E.2d 422, 424, *aff'd*, 323 N.C. 617, 374 S.E.2d 275 (1988) (holding that issue of whether foreign support order was enforceable through civil remedies was not properly before Court on appeal from dismissal of petition to register foreign decree pursuant to URESA); *Pieper v. Pieper*, 108 N.C. App. 722, 728-29, 425 S.E.2d 435, 438-39 (1993) (holding that dismissal in *Pieper I* of petition for registration pursuant to URESA did not bar, under doctrine of *res judicata*, subsequent civil action seeking enforcement of foreign judgment).

For the reasons stated herein, we reverse the order of the trial court denying respondent's contest of the registration of the Swiss order, and we further vacate the trial court's registration of the Swiss order.

Reversed and vacated.

Judges WYNN and TIMMONS-GOODSON concur.